In the Matter of ALAN SACKS, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In a proceeding pursuant to statute (Insurance Law, § 608), to compel MVAIC to accept a late affidavit and notice of intention to make a claim against it, the MVAIC appeals from an " order " [treated as a judgment (CPLR 411)] of the Supreme Court, Kings County, entered April 13, 1964, which granted the application. Judgment reversed on the law, without costs, and application denied. No questions of fact have been considered. The application here was made more than 120 days after accrual of the injured person's cause of action. Hence, under section 608 of the Insurance Law, as it read prior to its 1963 amendment, the court lacked power to grant the relief requested (*Matter of Glaudel* v. *MVAIC,* 17 A D 2d 828; *Matter of Rivera* v. *MVAIC,* 21 A D 2d 775). The amendment to the statute (eff. Sept. 1, 1963), which extended the claimant's time to apply to the court for leave to file a late affidavit from 120 days to 1 year after the accident, is inapplicable to this case since the original limitation period of 120 days had expired on the effective date of the amendment (cf. *Matter of Gibson* v. *MVAIC,* 23 A D 2d 562). There is no indication of a legislative intent that the amendment was to have retroactive effect. Consequently its provisions may not be invoked to revive claims against the MVAIC which on the effective date of the amendment were barred under the provisions of the previous Statute of Limitations (cf. *Hopkins* v. *Lincoln Trust Co.,* 233 N. Y. 213; *Denkensohn* v. *Ridgway Apts.,* 13 Misc 2d 389). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.