■ In the Matter of the Arbitration between CASIMER S. KORZENIEWSKI, Individually and as Guardian ad Litem for CELESTE KORZENIEWSKI, an Infant, Appellant, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— Order unanimously reversed, with costs, and motion denied, with $10 costs. Memorandum: Petitioners, who are insured under the terms

of a Motor Vehicle Accident Indemnification Corporation (MVAIC) endorsement on their liability insurance policy, appeal from an order granting a stay of arbitration and directing a trial to determine if their notice of claim has been timely filed. The claim is based upon an accident which occurred on September 9, 1959, when an automobile owned by one Guglielmo, and operated by one Ferraraccio, struck and injured the infant petitioner while she was walking across the street. At the time of the accident Guglielmo and Ferraraccio were insured against liability by Travelers Insurance Company. On April 24, 1962 Travelers notified Ferraraccio by letter (a copy of which was mailed to the adult petitioner) that because of his failure to comply with a condition of its policy it denied liability to him thereunder. On June 25, 1962 the attorney for Travelers notified petitioners' attorney that Travelers would not defend the then pending action against Ferraraccio and Guglielmo. Three days thereafter petitioners filed their written notice of claim under the MVAIC endorsement of their policy. Such endorsement provides: "Within 90 days or as soon as practicable, the insured or other person making claim shall give to MVAIC written notice of claim under this endorsement." The notice was given more than 90 days after the accident and less than 90 days after Travelers had deneid coverage because of acts of their " insureds ". Special Term has held that the 90-day limitation of the MVAIC endorsement began to run from the date of the accident. We do not agree that the policy provision should be so construed under the facts of this case. Petitioners had no rights under the MVAIC endorsement until Travelers disclaimed liability. (*Matter of Rivera [MVAIC]*, 22 A D 2d 201.) If the 90-day period were to run from the date of the accident it would have expired before petitioners' right accrued. The purpose of the statute (Insurance Law, § 167, subd. 2-a) and the MVAIC endorsement is to allow recovery against MVAIC where the insurer of the offending automobile disclaims liability or denies coverage because of acts or omissions of the named or any additional insureds, under the policy covering the automobile which causes the injury. To obtain the benefits of the statute and the policy, the insured is given 90 days within which to give written notice of claim to MVAIC. To give effect to such purposes, the limitation period of the policy should be construed to run from the time of the accrual of petitioners' right to relief against MVAIC. Petitioners gave the required notice within the 90-day period. (Appeal from order of Erie Special Term granting respondent's motion staying arbitration and directing jury trial on question of timely notice.) Present — Williams, P. J., Bastow, Goldman and Henry, JJ.