Sheldon F. Wickes, J.
This is an application under subdivision 5 of section 50-e of the General Municipal Law for leave to file and serve after the expiration of the 90-day statutory period, a notice of claim for damages against the Board of Education of Central School District No. 1 of the Towns of Westport, Essex, Moriah, Elizabethtown and Lewis; and Loren Bulles, supervising principal; and John Malette, a teacher, both employees of said district.
James Conway, a pupil in the Westport Central 'School was injured in the school auditorium on November 8, 1963. He was 14 years of age at the time. He was treated by the school nurse and school physician on the day the injuries were sustained. On the same day he was transported to the Mary Fletcher Hospital in Burlington, Vermont. It is claimed that the infant was transported to the hospital in Burlington by or “ on behalf of ” the school and that the arrangements for his care in the hospital were made by a representative of the school. This infant was hospitalized from November 8, 1963 to November 19, 1963 and continued under a doctor’s care until at least November 9, 1964.
No notice of claim was filed within the 90-day period. The parents of the infant were unaware that a notice of claim was required under section 50-e of the General Municipal Law.
The infant’s parents first consulted an attorney on November 6,1964.
On November 9, 1964, only three days later, an application for leave to file and serve a notice of claim and the proposed notice of claim were verified and presented to the undersigned and an order to show cause signed by the undersigned directed to the school district and the individual defendants. This was the very last day on which the application could be made.
The order to show cause and copies of the moving papers including a copy of the proposed notice of claim were served on the school district and the proposed individual defendants on the same day.
The school district and the proposed individual defendants claim that the application for leave to serve the notice of claim *174 was not made within the period of one year after the happening of the event.
Since the accident happened on November 8, 1963, the one-year period would start to run on November 9, 1963 (General Construction Law, § 20). The period would ordinarily expire on November 8, 1964. However, November 8, 1964 fell on a Sunday. Therefore the one-year period expired on the following day, November 9,1964. (General Construction Law, § 25-a.)
The proposed defendants contend that the application for leave to serve a notice of claim was not made by the service of the order to show cause with copies of the moving papers and proposed notice of claim on November 9, 1964 and was not actually made until the agreed adjourned return day of the order to show cause.
It is the opinion of this court that the application was made on November 9, 1964 by the service of the order to show cause, copies of the moving papers and proposed notice of claim on the proposed defendants (CPLR 2211).
Since November 9, 1964 was the last day of the one-year period, the application was timely made.
The infant claimant was only 14 years of age on the date of the accident.
The disability of infancy was the sole cause of the delay in filing the notice of claim.
The only attorney consulted by or on behalf of the infant claimant proceeded with all possible celerity.
The proposed defendants have not been prejudiced by the delay in filing, because they were aware of the accident, the injuries sustained by the infant, and his hospitalization.
The application is granted. Submit order.