In the Matter of the Arbitration between JOSEPH J. HAAS, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

Fourth Department, April 9, 1968.

*Bouck & Holloway* (*Francis J. Holloway* of counsel), for appellant.

*Bernstein & Bernstein* (*Samuel F. Prato* of counsel), for respondent.

*Per Curiam.* Petitioner Haas was injured on May 25, 1965 while operating his insured automobile when it came into collision with an automobile operated by one Melone. About July 27, 1965 he retained an attorney to represent him in respect of his claim for damages resulting from the accident; and on that date the attorney wrote a letter to Melone notifying him of his retainer and asking him to turn the letter over to his insurance company. Receiving no response, the attorney caused a summons to be served upon Melone on August 12. He testified that on the next day he sent four forms to petitioner to sign for making claim against M. V. A. I. C. under the indorsement on petitioner's automobile insurance policy, and that on August 23 he mailed three executed copies of said form to respondent M. V. A. I. C. He further testified that at the time the summons was served upon Melone, or later and before October 20, 1965, he had the process server, Mitchell, ask Melone the name of his insurance company, and was given the name of an insurance agent, Morgan & Graham.

On October 18 the attorney wrote to Guardian Claim Service, which he had heard might represent Melone, and on October 20 he wrote to Morgan & Graham, enclosing a copy of the summons he had served upon Melone. On November 1 Syracuse Casualty Co. wrote petitioner's attorney acknowledging receipt of the latter's letter of October 20 to Morgan & Graham and stating that although it had insured Melone, the policy expired on May 14, 1965 for nonpayment of premium, 11 days before the accident in question. The company added that Melone had reported the accident to it on June 3, 1965 through said agent, and the company returned the report form to the agent with the advice of noncoverage.

Petitioner's attorney testified that this letter of November 1 was his first knowledge that Melone was uninsured. He then wrote to M.V.A.I.C. for additional forms for filing notice of claim. M.V.A.I.C. sent the forms to him by letter of November 8, but advised him that the informal letter notice of claim of the 1st was untimely, and it reserved the right to disclaim. Petitioner filed his formal notice of claim on November 12, 1965, asserting that it was "merely supplemental" to the notice of claim filed August 23.

M.V.A.I.C. denied receiving the alleged notice of claim of August 23, which date was the 90th day after the accident.

The court below held as a matter of law that petitioner had filed notice of claim "as soon as practicable" within the terms of petitioner's insurance policy, directed a verdict for petitioner and dismissed the motion of respondent M.V.A.I.C. for a permanent stay of arbitration. The court thus held that it was unnecessary to submit to the jury the question of fact presented as to whether petitioner did send the notice of claim within 90 days, that is, on August 23.

We think that there was a question of fact not only with respect to the alleged notice of claim of August 23 but also as to whether the notice given on November 12 was given as soon as practicable as required by the policy. Petitioner did not retain an attorney for two months after the accident. Upon being retained the attorney wrote a letter immediately to Melone, and 2½ weeks later served a summons on him. Except for the disputed filing of notice of claim on August 23, the attorney did nothing more until October 18 and October 20; and it was over five months after the accident before he ascertained that Melone was uninsured and took steps to make claim against M.V.A.I.C.

It is not claimed that Melone was unavailable to petitioner or his attorney. No effort was made to ascertain the facts concerning Melone's insurance by communicating with the New York State Commissioner of Motor Vehicles. The only excuse for inaction on behalf of the petitioner is the testimony that some time on or after August 12 petitioner's attorney was led by Melone to believe he was insured. Except for the latter fact, it might well be held as a matter of law that the notice of claim of November 12 was not filed as soon as practicable. (*Matter of Kauffman* [*M.V.A.I.C.*], 25 A D 2d 419; *Matter of M.V.A.I.C.* [*Cosulich*], 23 A D 2d 546; and, see, *Deso* v. *London & Lancashire Ind. Co.*, 3 N Y 2d 127; and *Zurich Gen. Acc. & Liab. Ins. Co.* v. *Harbil Rest.*, 7 A D 2d 433.) Under the circumstances of this case we hold that whether such notice

was served as soon as practicable is a question of fact which should be submitted to a jury (*Matter of Gardner* v. *M.V.A.I.C.*, 27 A D 2d 783; *Matter of Kavrecich* [*M.V.A.I.C.*], 22 A D 2d 661; *Matter of M.V.A.I.C.* [*Brown*], 15 A D 2d 578, app. dsmd. 11 N Y 2d 968), along with the question whether notice was filed as petitioner claims within 90 days, on August 23.

The judgment and order should be reversed on the law and facts, and a new trial granted.

BASTOW, J. P., GOLDMAN, MARSH, WITMER and HENRY, JJ., concur.

Judgment and order unanimously reversed on the law and facts, without costs, and new trial granted.