Keating, J.
 

 On July 3,1964 Dorothy Lloyd was injured when a car in which she was a passenger, along with three other persons, had a blowout and crashed into a retaining wall of the Long Island Expressway. Miss Lloyd was hospitalized from the date of the accident until August 1 when she was permitted to return home to finish her convalescence. While a patient in the hospital, Miss Lloyd asked her mother and uncle to retain an attorney for her. Before a lawyer was actually retained,
 
 *480
 
 however, Miss Lloyd personally ascertained from Mr. Black, the driver and owner of the automobile, that he was uninsured. Neither Miss Lloyd nor her family endeavored to convey this information to any lawyer or to file a claim with the Motor Vehicle Accident indemnification Corporation as the basis for seeking compensation from the fund for the injuries sustained in the accident.
 

 four months after the accident, Miss Lloyd called the lawyer, whom she thought her uncle and mother had retained, to inquire about the progress of her suit. As a result of this conversation she first became aware that counsel had not been procured. Miss Lloyd, when she realised her lack of representation, asked this attorney to handle her case, from this time forward her claim was expeditiously pursued. The attorney sent a letter to Mr. Black to ascertain whether he had insurance. When it was determined that he had none, the attorney filed a claim with MVAlC, contending Miss Lloyd was covered by her mother’s liability insurance policy. The claim was filed Lecember 2, 1984, 182 days after the accident. Brlor to this date, Bailie Bay, one of the other passengers injured in Black’s car, filed a claim with MVAlC and had received an award.
 

 Condition 8 of the Standard New York Automobile Accident Indemnification ¡endorsement requires a claimant to give MVAlC notice ‘1 Within 90 days or as soon as practicable ’ ’ of any claim against the fund based on the lack of insurance of the tortfeasor. MVAlC claimed Miss Lloyd’s filing was Untimely and refused to settle her claim. Bhe sought to have her claim arbitrated, but MVAlC made a motion in the Supreme Court, New York County, to stay arbitration proceedings pending a determination whether the claimant’s notice was properly filed. The issue was tried by the court, and a decision was rendered in favor of Miss Lloyd.
 

 The trial court made a finding that the claimant had ascertained from the tort-feasor, Mr. Black, that he was not insured within the 99-day period provided in the endorsement but, nonetheless, failed to file notice before the stated time period elapsed. The court additionally found that Miss Lloyd’s physical disabilities which arose from the accident did not play a part in the failure to file a claim, ¡tier failure to file was due simply to a misunderstanding concerning whether a lawyer had been
 
 *481
 
 retained by her family. The court did not, however, rely on this fact in order to find the notice timely. Instead, it relied on the
 
 ‘ ‘
 
 fortuitous ’ ’ filing of another claimant involved in the accident. The court reasoned that, since another person had filed a claim, MVAIC was not prejudiced by Miss Lloyd’s late filing, because it had a timely opportunity to investigate the accident.
 

 The Appellate Division, First Department, reversed, two Justices dissenting. The majority concluded that the failure to file notice before 152 days had elapsed from the time of the accident was not excusable on the ground that the injured claimant labored under a misunderstanding as to whether a lawyer had been retained. The majority also concluded that it was immaterial to the question of this claimant’s timely filing that another person, who was injured in the same accident, had filed a timely notice of claim. The court considered.that “ Her assertion of lack of prejudice to MVAIC, is of no moment. Filing of a notice of claim is a condition precedent to the liability on the part of the insurer, and the insurer need not show that it was prejudiced. * * * In any event, there is a nothing to indicate that the notice of claim made by the other party in and of itself made MVAIC aware that this claimant too was injured.”
 

 The mitigating factor considered by the trial court, justifying the late filing, raises a novel question with respect to what should be considered timely notice with respect to MVAIC.
 

 The Legislature enacted the provisions establishing MVAIC in order to provide persons injured by financially irresponsible motorists a fund from which they could seek some compensation for their injuries (Insurance Law, § 600;
 
 Matter of Beagle [MVAIC],
 
 26 A D 2d 313;
 
 Rodriguez
 
 v.
 
 MVAIC,
 
 54 Misc 2d 361;
 
 Matter of Phelan [MVAIC],
 
 52 Misc 2d 341). The Fund is supported by contributions from liability insurance carriers who underwrite policies in New York. Each company, as a prerequisite to conducting business operations here, is required to become a member of MVAIC (Insurance Law, § 607).
 

 The Insurance Law provides that each liability policy issued in New York contain a provision authorizing the insured and members of his family to seek compensation from MVAIC in ease of injury or death caused by an uninsured motorist (Insurance Law, § 167, subd. 2-a).
 

 
 *482
 
 The Insurance Law also requires that, if the insurance contract provides that notice be given the insurer within a prescribed time, a later filing ‘ ‘ shall not invalidate any claim * * * if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given -as soon as was reasonably possible.” (Insurance Law, § 167, subd. 1, par. [d].) This ameliorating provision sanctions late filing in those cases in which valid excuses are proffered. This provision is equally applicable to those filing requirements established by private insurers as well as those associated with MVAIC. The proviso permits a late filing to be effective if, under all the circumstances, notice was given within a reasonable time
 
 (Matter of Pagan [MVAIC],
 
 28 A D 2d 1119;
 
 Matter of MVAIC [Cosulich],
 
 23 A D 2d 546;
 
 Matter of MVAIC [Brown],
 
 15 A D 2d 578; see
 
 Deso
 
 v.
 
 London & Lancashire Ind. Co.,
 
 3 N Y 2d 127). In order for a late filing to come within the ambit of the savings clause, the claimant must have exhibited a certain diligence in attempting to investigate the tort-feasor’s insurance coverage and expeditiously pursue his claim thereafter.
 

 It should be remembered that the clause enables MVAIC to investigate claims while they are fresh in the minds of all concerned and enables it to make as timely and competent defense against filed claims as may be possible
 
 (Matter of Kauffman [MVAIC],
 
 25 A D 2d 419). It is not entirely clear that MVAIC will not be prejudiced because of a late filing even though another claimant involved in the same accident files a timely claim. The late filing by Lloyd may have prevented any timely inquiry into her injuries. It is incumbent, therefore, upon the claimant to investigate with dispatch the liability coverage of the tort-feasor if he intends to pursue a claim against MVAIC. The disadvantage to MVAIC brought about by a claimant’s late filing is only countenanced because of the claimant’s diligent efforts in pursuing the claim. A determination that the claimant was derelict in this responsibility forecloses a finding that notice has been filed “as soon as practicable”
 
 (Matter of Kauffman [MVAIC], supra).
 
 A person who is neither physically nor mentally incapacitated after an accident is not excused from compliance with the 90-day notice provision simply because he was careless (see
 
 Matter of Raiford
 
 v.
 
 MVAIC,
 
 29 A D 2d 883;
 
 Matter of Kauffman [MVAIC], supra).
 

 
 *483
 
 The reasoning of
 
 Matter of Jones
 
 v.
 
 MVAIC
 
 (19 N Y 2d 132) is dispositive of any claim that the exception found by the trial court can be sustained.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Jasen concur.
 

 Order affirmed.