■ In the Matter of JANICE CHRISTIAN, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In a proceeding pursuant to section 608 of the Insurance Law to compel appellant to accept a late notice of claim against it, the appeal is from a judgment of the Supreme Court, Suffolk County, entered November 16, 1970, which granted the application. Judgment reversed, on the law, without costs, and application denied. The questions of fact have not been considered. A notice of claim was first filed with appellant on June 12, 1968, some seven and a half months after the acci-

dent. Since it was a question of no insurance on the subject automobile rather than a disclaimer of coverage, petitioner, a qualified person, could not be excused from filing the notice within the 90-day limit from the date of the accrual of the claim (*Matter of Jones v. MVAIC*, 19 N Y 2d 132; *Matter of Krouner* v. *MVAIC*, 23 A D 2d 711). The revision of section 608 of the Insurance Law permitting a late filing if timely filing "was not reasonably possible" was not effective until September 1, 1969 (L. 1969, ch. 585). The section, however, still retained a one-year limitation on an application for leave to file a late notice. More than a year had passed between the time of the accrual of the claim and the effective date of the amendment of the statute. Under these circumstances, the amendment could not revive a claim that had totally expired (*Matter of Sacks* v. *MVAIC*, 23 A D 2d 783). This situation calls for legislative action by statutory correction. Rabin, P. J., Hopkins, Martuscello and Shapiro, JJ., concur; Munder, J., dissents and votes to affirm the judgment upon the opinion of the Special Term.