■   In the Matter of RICHARD SHEARD, an Infant, by HENRIETTA SHEARD, His Mother and Natural Guardian, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In a proceeding pursuant to section 618 of the Insurance Law for leave to bring an action against appellant, the appeal is from an order of the Supreme Court, Kings County, dated July 23, 1970, which granted the application. Order reversed, on the law and the facts, without costs, and application denied. On January 23, 1968, petitioner's 13-year-old son, while a pedestrian, was struck by an unidentified automobile operated by an unknown hit-and-run driver. On or about October 8, 1969, 21 months after the accident, and five days after a jury verdict was rendered adverse to petitioner's claim that her son was an "insured" person under the Uninsured Motorist Endorsement of his brother's insurance policy (Insurance Law, § 167, subd. 2-a), petitioner filed a notice of claim with appellant in which she alleged, inter alia, that her injured son was a "qualified" person under article 17-A of the Insurance Law (§§ 601, 608, 618). Since the notice of claim was not filed with appellant within 90 days after the accrual of the injured person's cause of action, Special Term, under the circumstances herein, lacked the power to grant petitioner permission to commence an action against appellant (Matter of Jones v. MVAIC, 19 N Y 2d 132; Matter of Stern v. MVAIC, 35 A D 2d 1064; Matter of Sacks v. MVAIC, 23 A D 2d 783; Insurance Law, § 608, subd. [a]). Although aware from the time of the accrual of her son's cause of action that the identity of the offending driver and vehicle was unknown, petitioner seeks to justify her 21-month delay in filing the requisite notice of claim with appellant by arguing that under Matter of Wallace v. MVAIC (25 N Y 2d 384) she could defer filing such a notice pending judicial determination of the prior claim against the insurance carrier under the Uninsured Motorist Endorsement mentioned above. Such contention is without merit (cf. Matter of Jones v. MVAIC, supra). In our opinion, Wallace (supra) held, inter alia, that the prosecution of a suit against MVAIC could be delayed until the completion of a proceeding against the insurance company under the indorsement. It did not hold that the filing of a notice of claim within the statutory 90-day period could likewise be delayed. Furthermore, in Wallace, unlike the matter at bar, the claimant filed her notice of claim with MVAIC within the period prescribed by subdivision (b) of section 608 of the Insurance Law. Latham, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.