(January 29, 1973)

■ In the Matter of SONDRA E. WALKER, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. — Judgment (designated order), Supreme Court, New York County, entered, May 5, 1972, granting petitioner's application for an order permitting her to serve a notice of intention to make claim on the Motor Vehicle Accident Indemnification Corp., is unanimously reversed, on the law, without costs and without disbursements, the application denied and the petition dismissed. Petitioner was allegedly injured as a result of an automobile accident which occurred on December 24, 1970. A notice of intention to make claim against the Motor Vehicle Accident Indemnification Corp. was first served in February, 1972. That notice was served within 10 days after petitioner had received a letter from the tort-feasor's purported insurer stating that the policy of insurance had been canceled prior to the date of the accident. The Motor Vehicle Accident Indemnification Corp. rejected the claim on the basis that the notice was not timely and accordingly, this application dated March 15, 1972 was brought. We believe that the petition

should have been dismissed. On this record, there is no basis to apply the notice provision contained in subdivision (c) of section 608 of the Insurance Law. That section permits the filing of a notice of intention to make claim within 10 days after receipt of the insurer's disclaimer or denial of coverage. The letter received from the insurer herein did not, " [disclaim] liability or den[y] coverage because of some act or omission of the person or persons liable or alleged to be liable ". (Insurance Law, § 608, subd. [c]; see *Matter of Krouner* v. *MVAIC*, 23 A D 2d 711, 712.) The insurer merely stated that the policy had been cancelled, i.e., that there was no insurance in existence at the time of the accident. Therefore, the petitioner was required to comply with subdivision (a) of section 608 of the Insurance Law which provides for notice of claim where the personal injuries arose as a result of an accident with an uninsured motor vehicle. Pursuant to that section, a notice of claim must be served within 90 days after the accrual of the cause of action, i.e., the date of accident. While under the 1969 amendment to section 608 of the Insurance Law, the Motor Vehicle Accident Indemnification Corp. may accept, or the court may permit, under certain circumstances, the filing of a claim despite the failure to comply with the 90-day notice provision contained in subdivision (a) of section 608 of the Insurance Law, the application seeking permission from the court to file such late notice " must be made within one year from the beginning of the applicable period for filing the affidavit, as specified in paragraph (a) ". (Insurance Law, § 608, *Matter of Christian* v. *MVAIC*, 37 A D 2d 567.) The language contained in subdivision (a) of section 608 of the Insurance Law clearly indicates that the period for filing the affidavit commenced running on the date of the accident, that being the date the cause of action first accrued. Accordingly, since this application was made more than one year " from the beginning of the applicable period " the court was without power to grant the relief sought. Concur — McGivern, J. P., Murphy, Steuer, Tilzer and Capozzoli, JJ.