■ In the Matter of JOSEPH HAZEL, Appellant, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— Judgment, Supreme Court, New York County, entered November 29, 1972, denying petitioner's motion for leave to file a late claim against respondent, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs and disbursements, and said motion granted. On December 20, 1971, petitioner, while a pedestrian, claims he was struck by an automobile owned by Metracar Rentals, Inc. Some 10 days later petitioner hired counsel who, in February, 1972, obtained information from an officer of said company indicating that it was then insured by Insurance Company of North America. The following month process was served. The carrier appeared, answered, requested and received medical information and engaged in motion practice. On or about July 13, 1972, the car-

rier advised petitioner that coverage had been canceled in November, 1971. Within a week thereafter petitioner filed a notice of claim and affidavit with respondent which was rejected as untimely. Concededly, no appropriate request for insurance information from the Motor Vehicle Bureau was made until after the filing with respondent. Parenthetically, it is noted that an erroneous response was received as a result of such request. On the record before us we believe the application should have been granted. Petitioner exhibited sufficient diligence in investigating the alleged tort-feasor's liability coverage and his information was confirmed by the initial acts of the carrier in appearing and defending the action. Accordingly, we are not here faced with the same unacceptable and inexplicable laches which has precluded recovery in other situations. (Cf. *Matter of Kauffman* v. *MVAIC*, 25 A D 2d 419; *Matter of Becton* v. *MVAIC*, 35 A D 2d 660, affd. 29 N Y 2d 942.) Concur — Kupferman, J. P., Murphy, Capozzoli and Moore, JJ.