■ In the Matter of the Arbitration between WILLIAM CHIRO, an Infant, by JAMES CHIRO, His Parent and Natural Guardian, et al., Respondents, and MERCHANTS MUTUAL INSURANCE COMPANY, Appellant.—Order unanimously reversed, and motion for stay granted, without costs. Memorandum: In a proceeding to stay arbitration in a claim for personal injuries asserted under the accident indemnification provisions contained in an automobile liability policy of insurance issued by appellant carrier to claimants-respondents, the carrier appeals from an order of Supreme Court, Erie County which (1) denied its application to stay arbitration; (2) determined as a matter of law that claimants' claim was timely filed; and (3) directed arbitration to proceed. The claim herein is based upon an accident which occurred on July 6, 1972 when an unregistered motor bike, owned by Harold G. Bright and operated by his son, Ronald W. Bright, collided in an open field with the minor claimant herein who was riding on his bicycle. The police investigation report of the accident, filed on July 6, 1972, reflected the unregistered status of the motor bike. Claimant's family retained counsel shortly after the accident and in the course of his investigation, on or about July 11, 1972 counsel ascertained that the Bright family had a homeowners' liability policy of insurance issued by Empire Mutual Insurance Company to which company notice of claim was given. Ultimately, by letter dated October 18, 1973, Empire Mutual advised claimants' counsel of noncoverage under its homeowners' policy by virtue of an exclusionary provision applying to involvement of recreational vehicles in "off-premises" accidents. Thereafter, on October 25, 1973 notice of intention to file a claim under claimants' uninsured motorist endorsement policy provision was first given to appellant carrier. Special Term's determination that the giving of notice of intention to file a claim, computed from the date of Empire Mutual's notification of noncoverage was timely, was erroneous. Considering the statutory scheme of article 17-A of the Insurance Law and its defined purpose to fill the gap where coverage was not provided in certain situations under this State's Motor Vehicle Financial Security Act (Vehicle and Traffic Law, art 6), as expressed in section 600 of the Insurance Law, the facts of the instant case come within the "unregistered motor vehicle" category. Notification of intention to file a claim in such a situation is set forth under subdivision (a) of section 608 of the Insurance Law, and, as contractually provided in claimants' policy, requires such notice to be given "as soon as practicable." Viewed in its proper perspective, the operative fact giving initial qualification for the instant claim was the "unregis-

tered" status of the involved vehicle. Subdivisions d and c of section 601 of the Insurance Law define an "uninsured motor vehicle". Section 311 (subd 4, par [a]) of the Vehicle and Traffic Law, in defining "owner's policy of liability insurance" clearly specifies what is commonly considered an automobile liability policy, and excludes coverage under homeowners' insurance coverage as qualifying in determining the insured or uninsured status of a motor vehicle. The computation of time in determining whether the filing of the notice of claim was "as soon as practicable" necessarily must run from the date when evidence was reasonably ascertainable that the offending vehicle was uninsured within the meaning of MVAIC coverage. In the instant case, such date was July 6, 1972. The October 25, 1973 notice of intention to file the instant claim was served over 450 days after the date of the accident and the date when the fact that the vehicle was unregistered with indicated uninsured status was reasonably ascertainable. In the absence of any valid reason for such inordinate delay in giving notice, as a matter of law the notice was not given "as soon as practicable" *(Matter of Lloyd [MVAIC]*, 23 NY2d 478). (Appeal from order of Erie Special Term directing arbitration.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.