John J. Callahan, J.
Petitioner, Joanne Coppola, seeks leave to file a claim against the Motor Vehicle Accident Indemnification Corporation, pursuant to section 608 of the New York Insurance Law.
This 55-year-old woman is presently a patient at the Buffalo State Psychiatric Center. While a pedestrian, she was struck by an auto owned and operated by Daniel R. Popp on December 19, 1974 at Grider and Sussex Streets in the City of Buffalo, New York. The police investigated the incident at the scene and the accident report denotes the operator to be insured with Allcity Insurance Co. The owner-operator of the 1968 Lincoln automobile bearing New York registration (917-CEB) informed the victim, the petitioner herein, that he had insurance with Allcity Insurance Company or some other company. Following the accident Joanne Coppola was hospitalized for several weeks at the E. J. Meyer Memorial Hospital with her whole right leg in a cast. Her sister contacted a lawyer in June, 1975 for the purpose of instituting an action against the alleged tort-feasor, Daniel R. Popp. A summons was served personally on June 25, 1975. The defendant responded by calling plaintiff’s attorney and advised that he was fully insured for the incident and would forward the summons *134 to his insurance carrier through the office of his attorney, whose name he would not disclose. When no answer or further response was had by July 17, 1975 the attorney wrote a letter to Mr. Popp advising that his insurance carrier had not responded. No reply was received. A check was then made with the Department of Motor Vehicles. They advised on September 25, 1975 (FS-25) that a policy was issued by Allcity on January 31, 1974. The attorney was then informed on October 22, 1975 by the hospital that Allcity refused to pay the bill. Whereupon counsel by letter to Allcity requested to know the extent and nature of the coverage on the Popp vehicle. It was on November 12, 1975 that a letter was received by the attorney from the Empire Mutual Insurance Company to the effect that Mr. Popp was not insured by the Allcity Insurance Company.
The letter of November 11, 1975 from Empire Mutual to attorney Meldon B. Jones, Jr. acknowledges his letter (November 4, 1975) and further states, "On November 26, 1974 this company gave notice by mail to this policyholder David R Popp and the New York State Insurance Department that effective December 16, 1974 at 12:01 a.m. his policy of insurance would be cancelled.” "Therefore * * * Allcity Insurance Company did not insure David R. Popp on December 19, 1974.”
The issue of whether there was proper and sufficient notice of cancellation pursuant to New York Insurance Law (§ 167-a) is not before me. But the anniversary date and therefore possible expiration date of the policy was January 30, 1975 and not December 16, 1974 (three days prior to the subject incident).
Respondent, MVAIC, insists that the petitioner was not diligent in her pursuit of coverage. In addition, it contends that the court lacks jurisdiction (1) because of improper and insufficient service and (2) because the notice to MVAIC was made more than one year from the date of the accident.
There is no dispute that the petitioner is a mentally incapacitated person. She has been a family care patient at the Buffalo State Hospital since 1973. Any assertion therefore that she or efforts on her behalf have not been diligent under the circumstances is devoid of merit. Further, notice was given MVAIC by certified mail and it has appeared before this court. The court accepts jurisdiction of the matter and finds service and notice to be acceptable and without prejudice.
*135 This court following the rationale of the Fourth Department held that to give effect to the purposes for which MVAIC was established the limitation period should be construed to run from the time of the accrual of petitioner’s rights to relief. (Thompson v MVAIC, decided Feb. 19, 1976, Callahan, J., Erie Co.)
In Matter of Korzeniewski (MVAIC) (24 AD2d 541, 542) the court stated: "Special Term has held that the 90-day limitation of the MVAIC endorsement began to run from the date of the accident. We do not agree that the policy provision should be so construed under the facts of this case. Petitioners had no rights under the MVAIC endorsement until Travelers disclaimed liability. (Matter of Rivera [MVAIC], 22 AD2d 201). If the 90-day period were to run from the date of the accident it would have expired before petitioners’ right accrued. The purpose of the statute (Insurance Law, § 167, subd 2-a) and the MVAIC endorsement is to allow recovery against MVAIC where the insurer of the offending automobile disclaims liability or denies coverage because of acts or omissions of the named or any additional insureds, under the policy covering the automobile which causes the injury. To obtain the benefits of the statute and the policy, the insured is given 90 days within which to give written notice of claim to MVAIC. To give effect to such purposes, the limitation period of the policy should be construed to run from the time of the accrual of petitioners’ right to relief against MVAIC”.
The instant case is similar to the fact situation in Thompson. There is no question that the injured victim herein is a qualified claimant. In addition, she is suffering from a mental incapacity. However, respondent maintains her incapacity is not relevant since the application for leave is beyond the anniversary date of the accident. Yet it questions why nothing substantial was done in the first six months or until a relative of the victim interceded on her behalf.
MVAIC should some day adopt the policy for which it was founded and become prone to assisting the injured rather than be the guardian of the funds for the insurance industry. (Cf. "Embattled Victims of the Uninsured: In Court with New York’s MVAIC, 1959-1969”, 19 Buffalo L Rev 471.) Why should it be permitted to continually deny innocent victims their day in court upon mere technicalities? Wasn’t it established for the purpose of compensating the unfortunate victim? Historically the infant and the incapacitated have always been *136 treated more favorably in our courts. Doesn’t justice and honesty demand that this policy continue? This court is inclined to affirm and encourage the purposes for MVAIC.
The record is silent as to exactly when the insurance company was notified of the accident. If there was previous and timely notice then wouldn’t it be better practice for MVAIC to claim over as against the carrier on an estoppel theory or seek a declaratory judgment as to coverage? Coverage would be a good defense.
Upon the fact situation herein the court grants petitioner’s application for leave to make claim as being timely and in the interest of justice.
While this decision may appear to be contrary to the technical rules and prior holdings in older cases (Matter of Walker v MVAIC, 41 AD2d 527, affd 33 NY2d 781), it is consistent with the purpose of the statute, public policy and within the recent no-fault philosophy. The courts must exert sound discretion in achieving an honest result. (Matter of Pauly v Mahoney, 49 AD2d 1014.)