■　In the Matter of PLEASANT VALLEY HOME CONSTRUCTION, LTD., Respondent, v ALSON VAN WAGNER et al., Constituting the Zoning Board of Appeals of the Town of Pleasant Valley, Dutchess County, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent zoning board of appeals, made September 25, 1975, which, after a hearing, denied petitioner's application for a special use permit, the board appeals from a judgment of the Supreme Court, Dutchess County, dated December 23, 1975, which (1) granted the application, (2) annulled the determination and (3) directed issuance of the permit subject to reasonable conditions which it might impose with reference to specified matters. Judgment affirmed, without costs or disbursements. The record shows that the proposed use meets the standards prescribed by the local zoning ordinance; issuance of the permit was therefore a duty imposed on the board subject to reasonable conditions which it might impose with reference to the matters specified in the judgment (see *Matter of Knight v Bodkin,* 41 AD2d 413, 417; 1 Rathkopf, Law of Zoning and Planning [4th ed], p 12–39). Latham, Acting P. J., Margett, Damiani and Rabin, JJ., concur.

■　In the Matter of LEROY SAMUELS, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—In a proceeding to compel appellant to accept a late notice of claim, the appeal is from an order of the Supreme Court, Kings County, dated January 29, 1976, which granted the motion. Order reversed, on the law, without costs or disbursements, and proceeding dismissed. The accident for which petitioner seeks to make claim occurred on August 31, 1974. This proceeding was commenced on December 29, 1975, more than one year from the beginning of the applicable period. Hence, "the court was without power to grant the relief sought" (see *Matter of Walker v MVAIC,* 41 AD2d 527, 528, affd 33 NY2d 781). The applicable period governing the application to the court is not extended by virtue of the 1974 amendment to section 608 of the Insurance Law (L 1974, ch 488, § 1), which relates solely to the failure to file within 90 days (Insurance Law, § 608). Furthermore, under the facts here, no action was taken regarding the claim until February, 1975, five months after the date of the accident. In view of this unexplained delay, Special Term lacked power to grant the application (see *Matter of Pasternack v MVAIC,* 48 AD2d 837). We do not view the 1974 amendment to section 608 of the Insurance Law as creating any exception to, or extension of, the time periods prescribed in that statute. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.