■ In the Matter of FRANK JOHNSEN et al., Petitioners, v LOUIS J. FRANK, as Commissioner of Police of the County of Nassau, Respondent.— Proceeding pursuant to CPLR article 78 to review two determinations of the respondent Commissioner of Police of Nassau County, both dated January 15, 1976 and made after a hearing, (1) the first of which fined petitioner Johnsen five days' pay and (2) the second of which fined petitioner Snow three days' pay. Determinations confirmed and proceeding dismissed on the merits, with $50 costs and disbursements. Petitioner Johnsen was found guilty of failing to remain constantly alert and observant on a specific date and petitioner Snow was found guilty of permitting someone other than a member of the police department to enter and remain in a police department vehicle, both acts being in violation of the rules and regulations of the Nassau County Police Department. The charges were supported by substantial evidence and respondent's determinations should be confirmed (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.

■ In the Matter of DONNA K. (ANONYMOUS), a Person Alleged to be a Juvenile Delinquent, Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of the Family Court, Kings County, dated October 1, 1974, which, upon a determination after a fact-finding hearing that appellant was a juvenile delinquent, imposed a "suspended judgment" in accordance with section 755 of the Family Court Act. Upon the assent of the corporation counsel, order reversed, without costs or disbursements, and petition dismissed. Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.

■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v DIMITRIOUS SIOUKAS, Appellant, et al., Respondent.—In a proceeding to stay arbitration of a claim filed by the respondent-appellant under the uninsured motor vehicle indorsement of a policy issued to him, the appeal is from an order of the Supreme Court, Queens County, dated November 20, 1974, which granted the application. Order affirmed, without costs or disbursements. The timely filing of a notice of claim is a condition precedent to an insurer's liability *(Matter of Lloyd [MVAIC],* 23 NY2d 478). Respondent-appellant has not put forth any good cause for his delay in filing the notice (see *Matter of Pasternack v MVAIC,* 48 AD2d 837). The filing of the notice of claim cannot be delayed pending a judicial determination involving a prior claim. The notice of claim against petitioner should have been filed, and prosecution of the action held in abeyance, pending the determination of the prior claim (see *Matter of Sheard v MVAIC,* 37 AD2d 580). Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.