■ KERN NAM LEE, an Infant, by His Parent, DAE SUNG LEE, et al., Respondents, v JULIO RODRIGUEZ, Defendant, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—In a negligence action to recover damages for personal injuries, etc., the Motor Vehicle Accident Indemnification Corporation appeals from an order of the Supreme Court, Queens County, dated May 14, 1976, which granted plaintiffs' motion to compel it to accept a notice of claim as having been timely filed. Order reversed, on the law, without costs or disbursements, and motion denied. No fact findings were presented for review. On the date the plaintiffs filed their notice of claim, it was untimely under the provisions of section 608 of the Insurance Law as it then read (see *Matter of Walker v Motor Vehicle Acc. Ind. Corp.,* 41 AD2d 527, 528, affd 33 NY2d 781). The amendment to the statute, which became effective several months after plaintiffs' filing and which affords relief to a claimant after his receipt of a correction of error by the Department of Motor Vehicles (L 1974, ch 488, § 1), cannot have retrospective application (see *Matter of Sacks v Motor Vehicle Acc. Ind. Corp.,* 23 AD2d 783). Hopkins, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.

■ LEON LINZENBERG, Doing Business as LEON'S PLUMBING AND HEATING CO., Respondent, v ROBERT DORFMAN, Appellant.—In an action on a promissory note, defendant appeals from a judgment of the Supreme Court, Rockland County, entered July 22, 1975, which, after a nonjury trial, is in favor of plaintiff and against him. Judgment affirmed, with costs. Trial Term's decision is adequately supported by the record on this appeal. Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Hawkins, JJ., concur.

■ HARRY MENDEL, Respondent, v PERRY ORENS et al., Appellants.—In an action *inter alia* on a contract, defendants appeal from an order of the Supreme Court, Suffolk County, dated August 4, 1976, which denied their motion for summary judgment. Order affirmed, with $50 costs and disbursements. The plaintiff's cause of action and the defendants' counterclaims raise issues of fact which require resolution at a trial. Martuscello, Acting P. J., Latham, Margett, Damiani and Titone, JJ., concur.