■ In the Matter of THEODORE J. THOMPSON, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—Order reversed, without costs, and motion denied. Memorandum: This is an appeal by MVAIC from an order which granted the application of petitioner to file a late notice of claim. The applicable statute is subdivision (a) of section 608 of the Insurance Law which requires notice to MVAIC within 90 days of the accrual of the cause of action, i.e., the date of the accident. That limitation may be waived by the court only if application is made within one year of the date of the accident (Insurance Law, § 608). The accident occurred on November 20, 1974. The notice of claim was filed on September 2, 1975 and rejected 20 days later by MVAIC. More than 60 days elapsed between the receipt of this notice by petitioner and his application to the court on December 10, 1975 to file a late claim. This application, not made until more than a year after the accident, was untimely (see *Matter of Walker, v MVAIC,* 41 AD2d 527, affd 33 NY2d 781). The dissenters rely upon *Matter of Korzeniewski (MVAIC)* (24 AD2d 541). In that case the driver was insured at the time of the accident. Claimant did not have a claim against MVAIC until the insurer subsequently disclaimed coverage several months later because its insured had failed to comply with a condition of the policy. We held that inasmuch as the automobile was in fact insured at the time of the accident, claimant could not possibly give notice to MVAIC, nor could his right to relief from MVAIC accrue until the driver became uninsured as a result of the disclaimer. Accordingly, we held the 90-day period was measured from the time the right to relief against MVAIC accrued, i.e., the date of the disclaimer. By contrast, in this case, as in *Walker v MVAIC (supra),* the driver was uninsured at the time of the accident, and the right to make a claim and the period within which permission to file a late claim against MVAIC had to be measured from the date of the accident. All concur, except Cardamone and Dillon, JJ., who dissent and vote to affirm the order, in the following memorandum: In this appeal from an order which granted the application of petitioner, Theodore J. Thompson, to file a late notice of claim under section 608 of the Insurance Law, the majority, in our view, have not correctly read the several applicable statutory time provisions. First is the requirement that a qualified person having a cause of action on account of injury arising from a motor vehicle accident within New York State "shall file with the corporation [MVAIC] within ninety days of the accrual of such cause * * * of action, as a condition precedent to the right thereafter to apply for payment from the corporation, an affidavit." (Insurance Law, § 608, subd [a].) Second, where there is a failure to file the affidavit within the applicable period specified (i.e., 90 days from the accrual of the cause of action) the corporation may accept the filing of the affidavit after the period if accompanied by satisfactory proof of "the facts which caused the delay and that it was not reasonably possible to file such affidavit within said applicable period and that the affidavit was filed as soon as was reasonably possible"; or a court may, in its discretion, grant leave to file

after the expiration upon like proof (Insurance Law, § 608, first unnumbered par). Finally, if the application for leave is to a court, it "must be made within one year from the beginning of the applicable period for filing the affidavit" (§ 608, second unnumbered par). Pivotal to a resolution of this case is what is intended by the measuring period "accrual of such cause of action". The majority hold that the period commences with the date of the accident relying on *Walker v MVAIC* (41 AD2d 527, affd without opn 33 NY2d 781). This court, however, has previously held that the measuring period is not the date of the accident but, rather, 90 days from the date when the alleged insurer disclaimed liability *(Matter of Korzeniewski [MVAIC],* 24 AD2d 541) or "when evidence was reasonably ascertainable that the offending vehicle was uninsured within the meaning of MVAIC coverage" (cf. *Matter of Chiro [Merchants Mut. Ins. Co.],* 49 AD2d 686, 687). In the *Korzeniewski* case, as here, notice was given more than 90 days after the accident, but within 90 days after the disclaimer. In order to come within the protection of this rule, the claimant must have exhibited some diligence in investigating the tort-feasor's insurance coverage *(Matter of Lloyd [MVAIC],* 23 NY2d 478, 482). While concededly the affidavit in this case was not filed within 90 days of the date of the accident, it was filed within 20 days after the denial of coverage by Merchants which occurred on August 6, 1975. In our view, this is when petitioner's cause of action accrued *(Matter of Korzeniewski [MVAIC], supra).* The granting of leave, of course, depends in each case on the evidence of diligence and should be decided as a question of fact *(Matter of Egloff v MVAIC,* 29 AD2d 1048; *Matter of Haas [MVAIC],* 29 AD2d 447). In this case, petitioner Thompson, a pedestrian, was injured in an accident when a car owned by Joseph Pringle struck him. Mrs. Ada Pringle was operating her husband's car and told petitioner and the police that her husband was insured by Merchant's Mutual. The designation "insurance" was circled on the police report. A review of the chronology indicates that following the accident petitioner promptly retained counsel who sent a claim letter, with a copy to Merchants. Counsel also wrote the Motor Vehicle Bureau and received information from it which confirmed Merchant's coverage of the Pringle vehicle as of July 8, 1974, several months prior to the accident. Petitioner later engaged trial counsel who sued the case and mailed a copy of the complaint to Merchants. All of these events occurred within 10 months of the accident. This prompt and continuing activity constitutes diligent prosecution of a claim and was satisfactory proof of facts to justify the delay. It provided ample basis to permit Special Term, in the exercise of its discretion, to conclude that the affidavit was filed as soon as was reasonably possible *(Matter of Hazel v MVAIC,* 44 AD2d 541). The only remaining time limitation is the requirement that the application be filed within one year from the beginning of the applicable period. We believe that the "applicable period" commences to run from the date of disclaimer and not from the date of the accident. Were the date of the accident to measure the one-year limitation within which to make application to a court for leave to file an affidavit with the MVAIC, a claimant's right against MVAIC could expire before he is aware of the necessity to make the claim. Such a construction would make the statutory time period a trap for the unwary rather than accomplishing the legislative objective of protecting innocent victims. The Legislature's use of the phrase "accrual of cause of action" is strong evidence that this time limitation is not inflexibly fixed as commencing on the date of the accident. If such had been the legislative intent, it could easily have stated it. To construe the "accrual of such cause of action" as commencing from the date of the

disclaimer of liability *(Matter of Korzeniewski, supra)* better promotes the public purpose of the MVAIC law which is designed to protect innocent victims of accidents where there is no insurance protection rather than to defeat such claims. The Legislature determined "that it is a matter of grave concern that such innocent victims are not recompensed for the injury and financial loss inflicted upon them and that the public interest can best be served by closing such gaps in the motor vehicle financial security act through the incorporation and operation of the motor vehicle accident indemnification corporation" (Insurance Law, § 600, subd [2]; *Matter of Lloyd [MVAIC],* 23 NY2d 478, 481). For these reasons, we dissent and vote to affirm the order granting leave to file a late notice of claim. (Appeal from Order of Erie Supreme Court—Insurance Law, § 608.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.