■ In the Matter of JOANNE COPPOLA, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—Order unanimously affirmed, with costs. Memorandum: On December 19, 1974 petitioner, Joanne Coppola, a pedestrian was injured when struck by a motorist whose liability insurance had been canceled, three days prior to the accident, by Allcity Insurance Company. One year later, on December 19, 1975 petitioner's attorney mailed a notice of motion of an intention to make a claim to respondent-appellant, MVAIC. The statute requires that in order to be relieved of the time limitation set forth in subdivision (a) of section 608 of the Insurance Law, an "application * * * must be made [to the court]

within one year from the beginning of the applicable period for filing the affidavit" (Insurance Law, § 608, third unnumbered par). Obtaining an order to show cause on December 19, 1975 would have constituted a timely "application to the court" *(Ackey v Bruneau,* 14 AD2d 628, 630; *Matter of Conway v Board of Educ.,* 47 Misc 2d 172, 174). We can perceive of no reason to treat a motion on notice differently from an order to show cause. No distinction is made between them in CPLR 2211 which simply provides that "[a] motion is an application for an order" and defines when a motion is made by stating "[a] motion on notice is made when a notice of motion or an order to show cause is served". Whether a motion on notice or order to show cause is employed, the relief sought is the same, i.e., an order from a court. No prejudice accrues to MVAIC from receipt of the motion on notice with a return date of January 9, 1976 or from receipt of a show cause order with the same return date. A proceeding under section 608 of the Insurance Law may properly be commenced by a motion on notice, *(Matter of Frey v MVAIC,* 11 AD2d 693, affd 9 NY2d 849). The question remains whether service of these motion papers by mailing them on December 19, 1975 was timely. Service is accomplished by mailing the motion to the party at the address designated for that purpose and "service by mail shall be complete upon deposit of the paper in a postpaid properly addressed wrapper, in a post office * * * within the state" (CPLR 2103, subd [b], par 2). As Professor Siegel puts it, "Thus, a motion is made as soon as the motion papers drop from the fingers into a U.S. letter box. It is of no moment that the other side will not receive the papers for a day or a few days". (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C2211:4, p 31.) Further, the delay occasioned by the fact that the return date of the motion is beyond the time period for making the motion, i.e., the motion is returnable beyond the one-year time period for making the application under section 608 of the Insurance Law, is permitted (2A Weinstein-Korn-Miller, NY Civ Prac, par 2211.05). Such conclusion finds support in the Notes on CPLR 2211 contained in the 1958 Report of the Temporary Commission on the Courts which concludes that it is impracticable to change the rule which "allows the hearing on a motion to be long after the period for making the motion has expired" (2 NY Adv Comm Rep 181 [1958] [NY Legis Doc, 1958, No. 13]). Consequently, we conclude that petitioner made timely application for leave to file a late notice of claim against MVAIC "to the court within one year" from the date of the accident (cf. *Matter of Thompson v MVAIC,* 57 AD2d 713). (Appeal from order of Erie Supreme Court—file claim.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ. [87 Misc 2d 133.]