■ In the Matter of ELEANOR SMITH, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—In a proceeding to compel the Motor Vehicle Accident Indemnification Corporation (MVAIC) to accept a late notice of claim, the appeal is from an order of the Supreme Court, Queens County, dated June 25, 1979, which granted the application. Order reversed, on the law, without costs or disbursements, and application denied. Special Term erred in directing MVAIC to accept petitioner's notice of claim pursuant to subdivision (c) of section 608 of the Insurance Law. That provision, dealing with a disclaimer of coverage by an insurer, does not apply where, as here, the insurer had canceled its coverage prior to the date of the accident (see *Matter of Christian v MVAIC,* 37 AD2d 567). Assuming, *arguendo,* that petitioner's failure to file a notice of claim with MVAIC within 90 days of the accrual of the cause of action, as required by subdivision (a) of section 608 of the Insurance Law, was due to erroneous information contained in the police accident report, Special Term still lacked power to grant the relief requested. Section 608 requires that application to the court for leave to file a late notice of claim be made within one year from the beginning of the applicable period for filing said notice (i.e., the date of the accident). That provision applies even though petitioner filed a notice of claim, later rejected as untimely by MVAIC, within 31 days after discovery of the purported mistake in the police report (Insurance Law, § 608; *Matter of Bradley v MVAIC,* 57 AD2d 894; *Matter of Samuels v MVAIC,* 53 AD2d 863). This application to the court was made more than 18 months after the date of the accident. Accordingly, petitioner's claim is barred. Lazer, J. P., Mangano, Gibbons and Margett, JJ., concur.