■ In the Matter of STUART R. ROSS, Respondent, v SHERWOOD DIVERSIFIED SERVICES, INC., et al., Appellants.—In a proceeding to compel Sherwood Diversified Services, Inc., to permit petitioner, a minority shareholder, to inspect and copy the corporate stockbook and the minutes of proceedings of the shareholders of the corporation, the appeals are from three orders of the Supreme Court, Westchester County, dated May 31, 1979, June 12, 1979 and August 21, 1979, which, respectively (1) granted petitioner's application, (2) set forth the procedure to be followed in carrying out the inspection, and (3) denied appellants' motion to reargue the order permitting inspection and granted petitioner's cross motion to punish appellants for contempt to the extent of ordering a hearing to determine whether appellants' failure to comply with the order of inspection was willful and deliberate. Appeal from so much of the order dated August 21, 1979 as denied reargument dismissed. No appeal lies from an order denying reargument. Said order otherwise affirmed and orders dated May 31, 1979 and June 12, 1979 affirmed, with one bill of $50 costs and disbursements. Special Term did not abuse its discretion in permitting petitioner to inspect the records of the appellant corporation. In addition, a hearing to determine the willfulness of appellants' failure to comply with the order of inspection was properly ordered. Damiani, J. P., Gulotta, Margett and Weinstein, JJ., concur.

■ In the Matter of ROBERT YEARWOOD, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.—In a proceeding in effect for leave to file a late notice of claim with the Motor Vehicle Accident Indemnification Corporation, petitioner appeals from an order of the Supreme Court, Kings County, dated June 4, 1979, which denied the application. Order affirmed, with $50 costs and disbursements. The accident for which petitioner seeks to file a late notice of claim occurred on January 14, 1978. Section 608 of the Insurance Law requires that application to the court for leave to file a late notice of claim be made within one year from the beginning of the applicable period for filing said notice (i.e., the date of the accident). The instant application was not made until February 15, 1979, more than one year from the beginning of the "applicable period". Thus the application was not timely (see Matter of Walker v MVAIC, 33 NY2d 781; Matter of Samuels v MVAIC, 53 AD2d 863; Matter of Smith v MVAIC, 74 AD2d 639). Hopkins, J. P., Mangano, Gibbons and Rabin, JJ., concur.