OPINION OF THE COURT
Barbara R. Kapnick, J.
Plaintiff Brandon Daniels, an infant, by his mother and nat *421 ural guardian, Lureen Clarke, and Lureen Clarke, individually, commenced this action seeking leave to recover damages for injuries allegedly sustained by the infant plaintiff on March 16, 1991 when he was struck by a motor vehicle being driven by defendant Maria C. Rodriguez and owned by codefendant Pedro Rodriguez. Defendants were served with a summons and complaint on or about November 7, 1991, but they defaulted.
Plaintiffs originally thought the defendants had insurance coverage with State Farm Mutual Automobile Insurance Company (State Farm) at the time of the accident.* However, after filing a request for insurance information form with the Department of Motor Vehicles (DMV), plaintiffs received a response dated July 15, 1991, advising them that the defendants’ insurance policy with State Farm had lapsed prior to the accident.
Plaintiff then served a notice of claim upon the Motor Vehicle Accident Indemnification Corporation (MVAIC) on or about May 22,1992. MVAIC advised plaintiffs’ counsel by letter dated June 12, 1992 that there was a question as to whether the notice of claim was timely filed and requested further information regarding the claim, including a proof of denial letter from State Farm. Plaintiffs forwarded certain documents to MVAIC in June of 1992 and made an effort to obtain a denial with proof of cancellation from State Farm, but were unsuccessful. Finally, by way of this motion dated December 11, 1995, plaintiffs seek leave to serve a late notice of claim upon MVAIC on behalf of the infant plaintiff.
Pursuant to Insurance Law § 5208 (a) (1), "[a]ny qualified person having a cause of action because of * * * bodily injury, arising out of a motor vehicle accident occurring within this state,” must file a notice of intention to make a claim within 180 days of the accrual of the cause of action as "a condition precedent to the right to apply for payment from the corporation”.
In the case of a denial of coverage based upon the lack of a policy of insurance in effect at the time the cause of action arose, the notice of claim "shall be filed within one hundred eighty days of the [claimant’s] receipt of notice of the disclaimer or denial of coverage.” (Insurance Law § 5208 [a] [3] [B].)
*422 The statute specifically provides, however, that if a qualified person fails to file the notice of claim within the prescribed period "by reason of being an infant”, a court may grant leave to file the notice of claim "within a reasonable time after the expiration of the specified period.” (Insurance Law § 5208 [b] [2]; see also, Matter of Raiford v MVAIC, 29 AD2d 883 [2d Dept 1968].)
Pursuant to Insurance Law § 5208 (c), an application to the court for leave to file a late notice of claim with MVAIC must be made within one year of the accrual of the cause of action. Here, there is no dispute that plaintiffs failed to move for leave to file a late notice of claim within one year of receiving notice from DMV that the defendants’ insurance policy with State Farm had lapsed prior to the accident.
However, CPLR 208 provides, in relevant part, that "[i]f a person entitled to commence an action is under a disability because of infancy * * * at the time the cause of action accrues, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases * * * the time within which the action must be commenced shall be extended to three years after the disability ceases”.
Thus, this case presents a novel question, namely, whether the one-year period during which a court may grant an extension of time within which to serve a notice of claim upon MVAIC is tolled pursuant to CPLR 208 during the infancy of the claimant.
Dealing with a similar statutory provision, the Court of Appeals has held that a court may exercise its discretion to extend the statutory time requirements contained in section 50-e of the General Municipal Law (as amended by L 1976, ch 745), governing the filing of notices of claim with public corporations, when the claimant is an infant. (Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256 [1980]; see also, Matter of Beary v City of Rye, 44 NY2d 398 [1978].)
The Court specifically found that the period "during which a court may authorize service of a late notice of claim is completely coextensive with the time limited for commencing an action against a public corporation and is therefore similarly subject to the tolling provisions of CPLR 208.” (Cohen v Pearl Riv. Union Free School Dist., supra, at 259.) Thus, "where the time for commencing an action on the claim is tolled under CPLR 208, there will be a concomitant tolling of the time during which late notice of claim may be served [citation omitted].” (Supra, at 263.)
*423 This court notes that the Appellate Division, First Department, previously declined to find such a tolling provision for an infant’s entire minority in the context of former Insurance Law § 167 (1) (d), which was the section which previously governed the filing of notices of claim with MVAIC. (See, Insurance Co. v 156 Hamilton Realty Corp., 72 AD2d 403 [1st Dept 1980].) However, the Legislature subsequently amended the statute to include an express provision for the filing of a late notice of claim by reason of infancy. (See, Insurance Law § 5208 [b].)
Accordingly, this court finds that the period specified in the amended version of Insurance Law § 5208 (c) during which a court may authorize service of a late notice of claim upon MVAIC is subject to the tolling provisions of CPLR 208. However, while the incorporation of the toll into the period of limitations specified merely confers upon the court the authority to entertain the otherwise untimely applications of disabled clients, it does not dictate that such applications automatically be granted. (Cohen v Pearl Riv. Union Free School Dist., supra, at 266.) The decision to grant leave to file a late notice of claim is still up to the discretion of the court. (Matter of Beary v City of Rye, supra, 44 NY2d, at 412.)
The court must, in the first instance, determine if MVAIC will be prejudiced by the late filing. (Matter of Lloyd [MVAIC], 23 NY2d 478 [1969].) "In making its decision the court shall also and in particular consider, whether the corporation acquired actual knowledge of the essential facts constituting the claim within the time specified in paragraph one of subsection (a) hereof or a reasonable time thereafter.” (Insurance Law § 5208 [b] [2]; see also, Insurance Co. v 156 Hamilton Realty Corp., supra, 72 AD2d, at 407.)
In the instant action, plaintiffs first received notification on or about July 15, 1991 that the defendants’ vehicle was uninsured at the time of the accident, and filed the notice of claim with MVAIC approximately 10 months thereafter, on or about May 22, 1992, only 4 months after the expiration of the 180-day time period from the accrual of the cause of action. Thus, despite plaintiffs’ counsel’s admitted law office failure in failing to make this motion until December 11, 1995, nearly five years after the accident, this court finds that plaintiffs filed a notice of claim within a reasonable time after the cause of action accrued and thus expeditiously pursued their claim *424 without any substantial prejudice to MVAIC. (See, Matter of Lloyd [MVAIC], supra, 23 NY2d, at 482.)
Accordingly, plaintiffs’ motion for leave to file a late notice of claim upon MVAIC is granted.

 The court notes that the police accident report annexed to plaintiff’s moving papers shows an insurance code of "328” which is the code for coverage by State Farm.