■ In the Matter of the Arbitration between the MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and MARGARET COSULICH, Respondent.— Judgment entered May 6, 1964, finding that timely written notice was given to the MVAIC, unanimously reversed, on the law and the facts, with $50 costs to appellant; judgment directed in favor of MVAIC and the application to stay arbitration granted. A trial by jury was ordered on the issue as to whether timely written notice was given to MVAIC, upon the application by MVAIC to stay an arbitration demanded by the claimant. After a trial, the jury found that timely notice had been given. Under the MVAIC endorsement, written notice of intention to make a claim must be filed with MVAIC "within 90 days or as soon as practicable." Here the accident occurred on June 3, 1961. Claimant retained an attorney on June 9, 1961. A MV 104 report showing no insurance was filed on October 16, 1961. It was not until February 20, 1962 that claimant's attorneys requested a copy of the motor vehicle accident report. On March 27, 1962, the attorneys learned there was no insurance. The notice of claim was filed on April 11, 1962. Whether notice was given "as soon as practicable" requires a determination whether notice was given within a reasonable time under all the circumstances (*Matter of MVAIC [Brown]*, 15 A D 2d 578). In the absence of a satisfactory explanation, however, the delay in giving notice may be unreasonable as a matter of law (*Matter of MVAIC [Bieselin]*, 18 A D 2d 984; *Matter of Marcus [MVAIC]*, 29 Misc 2d 573; see, also, *Matter of MVAIC [Tinucci]*, 36 Misc 2d 872). In *Matter of Stroud (MVAIC)* (26 Misc 2d 960, affd. 13 A D 2d 757), it was held that it was incumbent on the insured to show that she or her counsel were diligent during the period intervening, between the time of the accident and the giving of notice, in trying to ascertain whether the other vehicle was insured. Here the evidence indisputably demonstrated that inquiries at the proper source had not been made to obtain the information about insurance. This lack of any diligent effort to determine the existence of insurance until many months had passed required that there be a directed verdict on the issue of whether notice had been given "as soon as

practicable." We hold that, as a matter of law, notice was not given "as soon as practicable" in the circumstances of this case. Consequently, there must be a stay of the arbitration demanded by claimant. Settle order on notice. Concur — Botein, P. J., Rabin, Valente, Stevens and Witmer, JJ.