■ HELEN COHEN et al., Respondents, v. ATLANTIC NATIONAL INSURANCE Co., Appellant, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORP., Respondent.— In an action to declare the invalidity of a disclaimer of liability under a policy of insurance issued by the defendant Atlantic National Insurance Co., said defendant appeals from a judgment of the Supreme Court, Queens County, entered February 11, 1965 upon the court's decision after a nonjury trial, which *inter alia* adjudged and declared (1) that said disclaimer was invalid; and (2) that the complaint be dismissed as against the defendant MVAIC. Judgment affirmed, with a separate bill of costs to each of the respondents. Contrary to the finding of the trial court, we find that plaintiffs failed to do "everything reasonably expected of them to ascertain the identity of the insurance carrier" or give notice of the accident to the defendant Atlantic National Insurance Co. " as soon as could be reasonably expected." Nevertheless, we also find that said defendant waived the defense of untimely notice of accident by reason of its failure to take any action either to investigate the accident or communicate with the insured within a reasonable time after receiving notice thereof on September 12, 1962. The defendant Atlantic did not disclaim liability until January 8, 1963. In our opinion, an insurance carrier cannot take advantage of a failure to give timely notice of accident where the carrier itself has unreasonably delayed in making a disclaimer as a result of its own failure to make diligent efforts to comply with its own responsibilities and obligations under the policy of insurance (cf. Insurance Law, § 167, subd. 8; *Appell* v. *Liberty Mut,*

*Ins. Co.,* 22 A D 2d 906; *Wallace* v. *Universal Ins. Co.,* 18 A D 2d 121, affd. 13 N Y 2d 978). We further conclude that the plaintiffs gave to the defendant Atlantic timely notice of suit (cf. *Lauritano* v. *American Fid. Fire Ins. Co.,* 3 A D 2d 564, affd. 4 N Y 2d 1028). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.