■ In the Matter of the Arbitration between MARTIN L. KAUFFMAN, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Judgment entered after trial before the court without a jury, based upon a finding that timely written notice was given respondent-appellant MVAIC, unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion to stay arbitration permanently is granted, with $50 costs to respondent-appellant. On April 14, 1964 claimant was injured when the car he was operating was struck by another automobile which was uninsured. Claimant's car was insured, and as a named insured he was entitled to make claim against respondent MVAIC, under the provisions of the New York Automobile Accident Indemnification Endorsement attached to his policy. In the event of inability to agree upon damages the endorsement provides that the matter shall be settled by arbitration. The endorsement further provides that within 90 days "or as soon as practicable" the insured shall give MVAIC written notice of claim. Claimant did not serve such notice of his intention to make claim until November 6, 1964 — almost seven months after the date of the accident. More to the point, he did not request information from the Motor Vehicle Department as to whether the other car carried insurance until October 12, 1964 — some six months after the date of the accident. Thereafter he proceeded diligently enough to press his claim. During the six-month interval prior to communicating with the Motor Vehicle Department claimant had proceeded at a leisurely pace that might have been understandable had he been processing his claim against a person whose insurance coverage had been verified. He had written a claim letter and issued a summons to a process server two months and five months, respectively, after the accident. In investigating claims and in the preparation of defense MVAIC operates under a disadvantage not suffered by insurance companies writing insured for named insureds. If an insured does not co-operate by reporting accidents promptly, as he is bound to do under the policy terms, the company may disclaim. Thus, except in extraordinary circumstances, the company is enabled to investigate and prepare while claims are fresh and memories have not faded; and it also can command the co-operation of the insured. MVAIC does not enjoy these advantages. It is not even aware of the occurrence of an accident for which it may be held liable until it receives the notice of claim; and it has no insured to whom it can look for co-operation in resisting the claim. It is to compensate in part for these handicaps that the 90-day notice requirement is imposed upon claimants — and with some justification, since without the insurance afforded by MVAIC there would be no fund to which they could look for recovery. A claimant, therefore, who has not filed notice within the 90-day period must show he has diligently sought to determine whether insurance coverage exists during the critical period preceding the giving of notice. "It was incumbent on the insured to show that she or her counsel were diligent during the period intervening, between the time of the accident and the giving of notice, in trying to ascertain whether the other vehicle was insured" (*Matter of MVAIC* [*Cosulich*], 23 A D 2d 546). In short, a claimant should be at least as diligent in initially endeavoring to find out whether the other car is insured as he is after discovering there is no insurance. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.