■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Appellant, and RUTH FRANK et al., Respondents.—In a proceeding pursuant to CPLR 7503 (subd [c]) to stay arbitration, petitioner appeals from an order of the Supreme Court, Nassau County, dated July 12, 1976, which, after a hearing, denied its application and dismissed the petition. Order reversed, on the law, with $50 costs and disbursements, and application

granted. On May 7, 1973 plaintiff Ruth Frank (hereafter Frank) and a woman friend (Mrs. Rosen) were walking together on a street in the State of Florida when they were struck and injured by a hit-and-run driver. Frank and her husband returned to their apartment in New York City. They made no claim against any one as the result of the accident. One day, about 22 months later, Frank met her friend, Mrs. Rosen, and learned that the latter had recovered damages from an insurance company as a result of the accident. The Franks then unearthed an automobile insurance policy which had been issued by Allstate Insurance Company (Allstate) to Salwin's of Nassau, Inc., in which corporation the Franks had a financial interest, and under which policy Frank was covered as a corporate officer beneficiary. The policy had been in their possession during this entire period, and was in existence at the time of the Florida accident. In March of 1975 Frank informed Allstate of the 1973 hit-and-run accident and asked the company to pay for her injuries under the uninsured motorist endorsement in the policy. On April 16, 1975 Allstate responded to the corporate insured by sending a reservation of rights letter. It never sent a formal notice of disclaimer, although 11 months after receiving notice it commenced the instant proceeding. The policy required that notice of an accident be given to the insurer "within 90 days thereafter". Frank asserts that she is entitled to recover because her delay was excusable. As to the "excusable delay", an insured is required to make diligent efforts to determine whether there is coverage under an insurance policy and ignorance of the policy provisions, which the insured has in her possession, is inexcusable. (See *Matter of Lloyd [MVAIC]*, 23 NY2d 478; *Matter of Kauffman [MVAIC]*, 25 AD2d 419; *Matter of MVAIC [Cosulich]*, 23 AD2d 546.) As an additional argument, Frank asserts that she is entitled to recover because Allstate failed to file a disclaimer as required by subdivision 8 of section 167 of the Insurance Law, which provides: "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." If the respondents' position is correct, it can only be due to the fact that Allstate issued a letter reserving its rights rather than making an outright and immediate disclaimer. As to the failure to give notice of disclaimer, the Franks rely heavily upon *Allstate Ins. Co. v Gross* (27 NY2d 263). There, the Court of Appeals concluded that a seven-month delay, by an insurer, between the time it received notice of claim and gave written notice of disclaimer, was unreasonable as a matter of law. In that case the insurer received a notice of claim 58 days after the date of the accident. The court held (pp 269–270): "Whether the absolute rule was enacted because of a presumption of prejudice from any undue delay or for some other reason is of no moment. The statute lays down an unconditional rule. It requires, however, as a foundation, unreasonableness as a standard for delay, which means simply that no particular time is deemed undue delay. Rather the question of unreasonableness becomes a question of fact, or if extreme, of law, depending upon the circumstances of the case which make it reasonable for the insurer to take more or less time to make, complete, and act diligently on its investigation of its coverage or breach of conditions in its policy." A disclaimer by Allstate by starting the within proceeding 11 months subsequent to receiving notice of a claim filed 22 months after an accident, is not unreasonable either as a question of fact or of law. At first blush, on the

basis of the holding at Special Term that the insurer's delay should be deemed unreasonable, and in the light of the holding in *Allstate Ins. Co. v Gross (supra)*, wherein a seven-month delay in giving written notice of disclaimer was held unreasonable as a matter of law, it would appear that this would dispose of the issue here and resolve it in favor of Frank. However, it is significant that the seven-month delay in *Gross* followed a delay of only 58 days by the insured in giving the insurer notice of the claim. In *Gross* the negligent driver was known. At bar, the car operator had hit and run. The rationale of the frowned upon delay in *Gross* appears to be that by procrastinating for seven months, the insurer prevented the victim from applying for relief against the Motor Vehicle Accident Indemnification Corporation (MVAIC), which could have been effected if the insurer had disclaimed promptly. Indeed, MVAIC "intervened because of its possible liability to the injured parties" *(Allstate Ins. Co. v Gross, 27 NY2d 263, 266, supra)*. Here we have no such situation. After the 22 months between the accident and notification to Allstate, the claim was already stale. It was dead, not moribund. It could not be revived. If the Franks had had no policy they could not successfully have then filed a claim against MVAIC. In *Gross,* the victim of the accident acted promptly and was entitled to the relief ultimately accorded her. But Mrs. Frank slept on her rights and was out of court before she got into it. The uninsured motorist endorsement which, by statute, must be (or is deemed) included in any policy of insurance issued in this State (Insurance Law, § 167, subd 2-a, as amd by L 1965, ch 322) was enacted as a complement to article 17-A of the Insurance Law (the Motor Vehicle Accident Indemnification Corporation Law). The former was originally enacted by section 4 of chapter 759 of the Laws of 1958, and the latter by section 2 of the same chapter and Laws. Both became effective on January 1, 1959. The theory of the uninsured motorist endorsement expressed in section 167 (subd 2-a) of the Insurance Law and the policy of the MVAIC Law promulgated in article 17-A of the Insurance Law, complement each other. They were both enacted to protect citizens injured by certain types of motorists who were not insured, and had their genesis, as noted, in the Laws of 1958. Thus, if a pedestrian injured, as was Frank, had no coverage under a policy of insurance, he or she would be relegated to making a claim against MVAIC. If, as in her case, she was a covered person, her claim would be addressed to her own insurance company. The notice requirements are almost identical. Her contract with Allstate required Frank to file a notice of a hit-and-run accident, pertinently, as follows: "Hit-and-Run Automobile. The term 'hit-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or the owner of such 'hit-and-run automobile'; (2) the insured or someone on his behalf shall have reported the accident within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, *and shall have filed with the company within 90\* days thereafter a statement under oath* that the insured or his legal representative has a cause or *causes of action arising out of such accident for damages against a person or*

---

\* An endorsement on the policy effected two changes. The first reduced the time for giving notice of a hit-and-run accident to 30 days after the occurrence; we are, however, proceeding as though 90 days is the criterion. The second extended the coverage under the policy to include out-of-state accidents.

persons whose identity is unascertainable, and setting forth the facts in support thereof; and (3) at the request of the company, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident" (emphasis supplied). The police were on the scene of the Florida accident so that the 24-hour requirement was taken care of immediately. The MVAIC notice provision, as then in effect (May 7, 1973), pertinently stated (Insurance Law, § 608, subd [b]): "Any qualified person having a cause or causes of action because of death or bodily injury, arising out of a motor vehicle accident (1) occurring within the state and (2) reported within twenty-four hours after the occurrence thereof to a police, peace or judicial officer in the vicinity or to the commissioner, *and who shall file with the corporation within ninety days of the accrual of such action,* as a condition precedent to the right thereafter to apply for payment from the corporation, an affidavit stating that (1) he has a cause or causes of action arising out of such accident for damages and setting forth the facts in support thereof, (2) such cause or causes of action lie against a person or persons whose identity is unascertainable, and (3) he intends to make a claim thereon for such damages" (emphasis supplied). Since she failed to comply with the notice requirements, Frank is not entitled to arbitration on her claim. To hold otherwise would be tantamount to imposing a penalty upon the insurer for issuing a letter with reservation of its rights in an effort to demonstrate its good faith with respect to this stale claim arising out of an out-of-state accident, rather than issuing a direct or immediate disclaimer. The court has considered Allstate's claim with respect to the inapplicability subdivision 8 of section 167 of the Insurance Law with respect to out-of-state accidents and finds it to be without merit. Cohalan, J. P., Suozzi and Mollen, JJ., concur. Hawkins, J., dissents and votes to affirm the order, with the following memorandum: In 1972 Salwin's of Nassau, Inc., purchased an automobile liability insurance policy from petitioner-appellant, Allstate Insurance Company. The policy contained an endorsement for uninsured motorist protection. On May 7, 1973 the injured respondent, Ruth Frank, a vice-president of Salwin's of Nassau, Inc., was struck by a hit-and-run driver in the State of Florida. In March, 1975, 22 months after the date of the accident, respondents first informed appellant of the accident. On April 16, 1975 appellant sent to the named insured, Salwin's of Nassau, Inc., a reservation of rights letter, and thereafter commenced an investigation of the circumstances surrounding the accident. Appellant never issued a disclaimer. On or about February 2, 1976 respondents served a demand for arbitration and, following that, appellant commenced this proceeding. Appellant contends that respondents are not entitled to recover under the policy since they failed to notify the carrier of the claim within 90 days or "as soon as practicable" after the date of the accident. Respondents assert that they are entitled to recovery and that the 22-month delay was excusable because it was only then that the injured respondent learned from a friend who had been injured in the very same accident that the latter had recovered for her injuries from her carrier. In any event, appellant's failure to issue a disclaimer constitutes a waiver on its part of the injured respondent's delay in filing a notice of claim (see Insurance Law, § 167, subd 8). Respondents concede that no inquiries or efforts to ascertain whether coverage existed under the policy in question were made until some 22 months after the date of the accident. An insured is required to make diligent efforts to determine whether there is coverage under an insurance policy; ignorance of the provisions of an insurance policy does not excuse the delay. (See *Matter of Lloyd [MVAIC],*

23 NY2d 478; *Matter of Kauffman [MVAIC]*, 25 AD2d 419; *Matter of MVAIC [Cosulich]*, 23 AD2d 546.) Respondents correctly contend that if the claim is time-barred, nevertheless, recovery lies for appellant's failure to issue a disclaimer as required by section 167 (subd 8): "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." In *Allstate Ins. Co. v Gross* (27 NY2d 263) the Court of Appeals concluded that a seven-month delay by an insurer between receiving notice of claim and giving written notice of disclaimer was unreasonable as a matter of law. There the insurer had not received notice of claim until two months after the date of the accident. The court held (pp 269–270): "The statute [Insurance Law, § 167, subd. 8] provides a flexible time limit on disclaimer of liability or denial of coverage, but a time limit nevertheless. The limit depends merely on the passage of time rather than on the insurer's manifested intention to release a right as in waiver, or on prejudice to the insured as in estoppel (see *Cohen v Atlantic Nat. Ins. Co.*, 24 AD2d 896, *supra*). Otherwise there would have been little purpose for the statute, if it were only an inadequately drafted codification of the preexisting decisional rules, inadequate because the preconditions to the defenses would not have been spelled out. Although some cases arising under the statute have utilized the old prestatutory waiver or estoppel theories, such theories are superfluous when the statute is read in context * * * Whether the absolute rule was enacted because of a presumption of prejudice from any undue delay or for some other reason is of no moment. The statute lays down an unconditional rule. It requires, however, as a foundation, unreasonableness as a standard for delay, which means simply that no particular time is deemed undue delay. Rather the question of unreasonableness becomes a question of fact, or if extreme, of law, depending upon the circumstances of the case which make it unreasonable for the insurer to take more or less time to make, complete, and act diligently on its investigation of its coverage or breach of conditions in its policy." Appellant recognizes that *Gross* would be dispositive of the issue, but contends that subdivision 8 of section 167 of the Insurance Law is inapplicable because the accident in question did not occur "within this State". It is unnecessary to determine whether subdivision 8 of section 167 is applicable to accidents which do not occur "within this State" (cf. *Matter of Sentry Ins. Co. [Amsel]*, 36 NY2d 291, and *Newman v Ketani*, 54 AD2d 926), since the policy in question expressly provides that "the company shall give written notice to the insured and the claimant as soon as reasonably possible of any disclaimer of its liability or denial of coverage under any of the liability coverages of the policy." Under this provision, appellant was required, within a reasonable time, to disclaim liability regardless of where the accident occurred. Under the circumstances, the carrier's nearly one-year delay between learning of the accident and commencing this proceeding was unreasonable (see *Allstate Ins. Co. v Gross, supra; Matter of Askey [General Acc. Fire & Life Assur. Corp.]*, 30 AD2d 632, affd 24 NY2d 937).