■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v ANTONIO ROMERO et al., Appellants, and LORENZO GARCIA et al., Respondents. — In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeals are from (1) a judgment of the Supreme Court, Queens County (Groh, J.), dated May 11, 1983, which, after a hearing, *inter alia,* granted the application, and (2) an order of the same court dated May 18, 1983, which denied appellants' motion pursuant to CPLR 4404.

Judgment and order affirmed, with one bill of costs payable to Allstate Insurance Company and State Farm Mutual Automobile Insurance Company.

The accident involving appellants occurred on November 27, 1980. A demand for arbitration under the uninsured motorist indorsement of their insurance policy with State Farm Mutual Automobile Insurance Company was mailed on February 3, 1982 and received by State Farm on February 6, 1982. State Farm thereafter commenced this proceeding to stay arbitration based, *inter alia,* on appellants' failure to notify them that a claim was being made under the uninsured motorist indorsement within 90 days of the date of the accident. It is not disputed that the uninsured motorist indorsement states that in order to qualify for coverage, the insurance company must be notified of the claim within 90 days or as soon as practicable. In opposition to the proceeding appellants argued that they acted in a timely manner under the circumstances.

We conclude that the evidence adduced at the hearing failed to demonstrate that petitioner was notified as soon as practicable, and, accordingly, we affirm the judgment granting a stay of arbitration. At the hearing, claimants' attorney attempted to explain the passage of 436 days between the accident and the filing of notice by the fact that during that time he believed that Lorenzo Garcia, the driver of the other vehicle, was insured. The belief was based on the motorist's representations to the police officer at the scene of the accident that he was insured by Allstate Insurance Company. On April 7, 1981, a summons and complaint were served upon Garcia. No answer was interposed. It was not until November 20, 1981, that counsel took the first step towards ascertaining whether the other motorist was in fact insured. He wrote a letter to Allstate, informing Allstate that the action had been commenced against its assured, and that they should attend to the matter so as to avoid default. On or about January 29, 1982, counsel received a letter from Allstate disclaiming coverage, together with a copy of the notice of cancellation, effective November 13, 1980, which had been sent to Garcia. On February 3, 1982, counsel mailed the demand for arbitration to State Farm.

A claimant who has not complied with the 90-day notice requirement must show he had diligently sought to determine whether insurance coverage exists during the critical period preceding the giving of notice (*Matter of Kauffman* [*MVAIC*], 25 AD2d 419; *Matter of Lloyd* [*MVAIC*], 23 NY2d 478, 482; *Matter of Acevedo* [*MVAIC*], 56 AD2d 817; *Matter of Giles* [*MVAIC*], 30 AD2d 637; *Matter of MVAIC* [*Cosulich*], 23 AD2d 546). The expeditious service of the notice after receipt of Allstate's disclaimer does not demonstrate diligence from the time of the accident (*Matter of Chiro* [*Merchants Mut. Ins. Co.*], 49 AD2d 686). "[A] claimant should be at least as diligent in initially

endeavoring to find out whether the other car is insured as he is after discovering there is no insurance" (*Matter of Kauffman* [*MVAIC*], *supra*). Counsel's failure to request information from the Department of Motor Vehicles demonstrates lack of diligence, and his conclusive reliance on the accuracy of Garcia's representations was unreasonable (*see, Matter of Acevedo* [*MVAIC*], *supra*). The unexplained failure to make any attempt to ascertain Garcia's insurance status for a period of 11 months forecloses a finding that notice had been filed as soon as practicable (*Matter of Lloyd* [*MVAIC*], 23 NY2d 478, 482, *supra*).

After the hearing court issued its memorandum decision, dated March 23, 1983, appellants moved, pursuant to CPLR 4404, to modify the decision, based on evidence not previously presented, asserting that the State Farm had not been prejudiced by the delay because it had received timely notice of the accident when appellants filed a claim for no-fault benefits under the policy. An insurer need not show prejudice before it can assert the defense of noncompliance with the notice requirement (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441; *Gizzi v State Farm Mut. Ins. Co.*, 56 AD2d 973). The condition precedent to liability under the uninsured motorist indorsement had not been met because the appellants did not serve notice within 90 days or as soon as practicable. An absence of prejudice cannot cure this failure. Accordingly, the order dated May 18, 1983, denying appellants' motion pursuant to CPLR 4404, is affirmed. O'Connor, J. P., Rubin, Lawrence and Eiber, JJ., concur.