■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v ROSEMARIE SANTARPIA et al., Appellants, and PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Additional-Party Respondent-Respondent, et al., Additional-Party Respondents.—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Rosemarie Santarpia and Celina McMahon appeal from an order of the Supreme Court, Queens County (Kassoff, J.), dated September 18, 1984, which, *inter alia,* dismissed the petition insofar as it was asserted against

the additional-party respondent Prudential Property & Casualty Insurance Company (hereinafter Prudential) and permanently stayed the appellants from proceeding to arbitration against the petitioner.

Order modified, on the law, by deleting the provision thereof permanently staying the appellants from proceeding to arbitration against the petitioner and substituting therefor a provision denying the application to stay arbitration and directing the appellants and the petitioner to proceed to arbitration. As so modified, order affirmed, without costs or disbursements.

On August 8, 1981, the appellants Rosemarie Santarpia and Celina McMahon were riding in Santarpia's car when they were involved in an automobile accident with a Dodge, owned by the additional-party respondent Constance Croce and driven by her son Robert. On the date of the accident, Santarpia's vehicle was insured by the petitioner; Constance Croce had been issued a Temporary New York State identification card on January 27, 1981, and a Prudential insurance card effective July 14, 1981. The cards had been purchased from an individual who conducted a neighborhood insurance operation. Both cards were purportedly applicable to the Dodge. No policy was ever issued, however.

In August 1981 the appellants sent an FS-25 form to the Department of Motor Vehicles which was returned indicating that a search conducted on or about August 28, 1981 had revealed that insurance had been issued to the Croces on January 28, 1981.

By summons and complaint dated January 17, 1983, the appellants instituted an action against the Croces seeking recovery for damages resulting from the accident. However, by letter dated April 18, 1983, Prudential informed the Croces and the appellants that it was "unable to afford any defense or indemnification for any claims arising out of [the] occurrence" because the vehicle was never insured. By letter dated May 4, 1983, the appellants wrote to the petitioner informing it of the fact that it had received a disclaimer from Prudential and that it intended to pursue an uninsured motorist claim. On October 14, 1983, the appellants submitted a demand for arbitration.

Since the FS-25 form had initially indicated to the appellants that the Croces were insured, the appellants had no reason to serve a notice of intent to pursue an uninsured motorist claim prior to their receipt of Prudential's disclaimer.

A review of the record indicates that the appellants' notice to petitioner 16 days after Prudential notified them that the Croces were not insured was effectuated as soon as was practicable *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 442).

Because the appellants demonstrated the requisite diligence in determining whether insurance coverage existed *(see, State Farm Mut. Auto. Ins. Co. v Romero,* 109 AD2d 786, 787), and gave notice "as soon as was reasonably possible" (Insurance Law § 3420 [a] [4]), the court erred in finding that appellants' uninsured motorist claim should be disallowed because of untimely notice.

However, the petition was properly dismissed insofar as it was asserted against Prudential, since there is no indication in the record that Prudential issued the insurance cards to Constance Croce, or that those cards were issued as a result of Prudential's negligence. Mollen, P. J., Weinstein, Rubin and Spatt, JJ., concur.