BRIDGES v ALLSTATE INSURANCE COMPANY

Docket No. 81431. Submitted January 22, 1986, at Detroit. Decided March 3, 1987.

On March 17, 1982, defendant Allstate Insurance Company paid a sum of money to plaintiff Johnny R. Bridges for wage losses from December 21, 1981, to February 22, 1982. Plaintiff filed a complaint against defendant on June 11, 1982, in the Wayne Circuit Court, alleging that he had only been partially compensated for his loss. Service was made on defendant's adjuster but the Commissioner of Insurance was not served until September 29, 1983. On September 2, 1982, a similar lawsuit was filed against defendant in district court. On October 12, 1982, a default was entered against defendant in the district court. On September 16, 1983, a default was entered in the Wayne Circuit Court and, on November 2, 1983, that default was set aside. On December 16, 1983, the circuit court quashed service and dismissed the suit. On that same day plaintiff filed another complaint against defendant in the Wayne Circuit Court. Defendant answered denying plaintiff's claim. The court, Thomas J. Foley, J., granted accelerated judgment for defendant on the basis that all of the no-fault benefits had accrued prior to December 16, 1982, more than one year before the filing of the lawsuit. Plaintiff appealed.

The Court of Appeals held:

Plaintiff's claim for benefits was not formally denied until the answer was filed. Prior to that time the parties had continued negotiations. The one-year limit on bringing an action for recovery of personal protection insurance benefits is tolled from the date a claimant makes a specific claim for benefits to the date the insurer formally denies liability, provided the claimant pursues the claim with reasonable diligence.

Reversed and remanded.

REFERENCES

Am Jur 2d, Insurance §§ 1876 et seq.

When statute of limitations commences to run on automobile no-fault insurance personal injury claim. 36 ALR4th 357.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

INSURANCE — NO-FAULT — LIMITATION OF ACTIONS — TOLLING.
   The one-year limit on bringing an action for recovery of personal
   protection insurance benefits is tolled from the date a claimant
   makes a specific claim for benefits to the date the insurer
   formally denies liability, provided the claimant pursues the
   claim with reasonable diligence (MCL 500.3145; MSA 24.13145).

*Benjamin & Goldfine* (by *Frederick B. Benjamin*), for plaintiff.

*Garen, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Thomas W. Waun*), for defendant.

Before: M. J. KELLY, P.J., and SHEPHERD and M. R. KNOBLOCK,* JJ.

M. R. KNOBLOCK, J. This case involves an action by plaintiff Bridges to recover from plaintiff's insurer, defendant Allstate Insurance Company, no-fault benefits claimed to be payable as a result of a March 6, 1981, motor vehicle accident. On March 17, 1982, defendant issued a check to plaintiff in the amount of $3,074.83 for wage loss from December 21, 1981, through February 22, 1982. Plaintiff filed a complaint against defendant on June 11, 1982, in Wayne Circuit Court. Plaintiff alleged in this first complaint that defendant had only partially compensated him for his lost wages and medical expenses.

The record on appeal indicates that the service of process for this first complaint was improper under GCR 1963, 105.4. Although plaintiff served defendant's adjuster with a copy of the summons and complaint on June 16, 1982, he failed to timely serve the Commissioner of Insurance. Defendant notes on appeal that plaintiff did serve the Insurance Commissioner on September 29, 1983. It further appears that this first complaint should

---

* Circuit judge, sitting on the Court of Appeals by assignment.

not have been filed in circuit court as it only demanded damages in an amount *up to* $10,000. MCL 600.641; MSA 27A.641 and GCR 1963, 707.

On appeal, plaintiff states that on September 2, 1982, he filed a second lawsuit against defendant in the 36th District Court which was served by a bailiff of that court, that a default was entered on October 12, 1982, but that no default judgment was taken and that the case was dismissed. We note that the district court action has never been on appeal to this Court. Apparently, plaintiff has brought forth the information of this district court case to support his contentions of notice and bad faith on the part of defendant insurance company.

A default was entered against defendant on September 16, 1983, with respect to the first Wayne Circuit Court suit. On November 2, 1983, plaintiff and defendant stipulated to set aside that default and an order to that effect was entered. In the meantime, defendant filed a motion to quash and a motion to dismiss plaintiff's lawsuit based upon the improper service of process. On December 16, 1983, the circuit court entered an order quashing the service of process and dismissing plaintiff's lawsuit. No timely appeal was taken from this order. This Court denied plaintiff's delayed application for leave to appeal by an order dated January 25, 1985. On the same day that the circuit court dismissed plaintiff's first suit, December 16, 1983, plaintiff filed a "third" complaint which is the one involved in the instant appeal. This complaint was properly served. On January 23, 1984, defendant answered plaintiff's complaint. This answer formally denied plaintiff's claim for benefits.

On September 19, 1984, defendant moved for accelerated judgment on the basis of the one-year back rule in MCL 500.3145(1); MSA 24.13145(1).

Defendant's position was that all no-fault benefits had accrued prior to December 16, 1982, and thus more than one year before the filing of the lawsuit. Plaintiff responded by arguing estoppel due to the ongoing settlement discussions. On October 18, 1984, the circuit court granted accelerated judgment. Plaintiff now appeals as of right.

The question before this Court is whether the circuit court erred in granting defendant's motion for accelerated judgment. Plaintiff argues that, because he relied on defendant's assurances and representations and failed to take any further action to protect his claims, defendant is properly estopped from raising the statute of limitations defense. Further, plaintiff contends that, because defendant did not formally deny plaintiff's claim for no-fault benefits until it filed its answer to the complaint in January, 1984, the no-fault statute of limitations was tolled from the time plaintiff formally notified defendant of his need for continued benefits in June, 1982.

The no-fault act has a one-year of limitation period which, inter alia, prevents recovery for "loss incurred more than 1 year before the date on which the action was commenced." MCL 500.3145(1); MSA 24.13145(1) states:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable

expense, work loss or survivor's loss has been incurred. *However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.* The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury. [Emphasis supplied.]

This statute has recently been construed by the Supreme Court in *Lewis v DAIIE*, 426 Mich 93; 393 NW2d 167 (1986), where the Court held that the one-year-back limit is tolled from the date a claimant makes a specific claim for benefits to the date the insurer formally denies liability, provided the claimant pursues the claim with reasonable diligence.

Defendant does not deny plaintiff's contention that it did not formally deny plaintiff's claim for no-fault benefits until it filed its answer in January, 1984. In fact, defendant notes in its brief on appeal that there were ongoing negotiations between representatives of the parties and that no action was taken on the file until plaintiff filed the motion for default on September 16, 1983. It further appears that, in light of the ongoing settlement negotiations, plaintiff did pursue the claim with due diligence. Applying the principles of *Lewis* to this case, it is clear that defendant's failure to formally deny plaintiff's claim would toll the statute of limitations. It appears that, although plaintiff filed a complaint, he wished to avoid the necessity of trying the action and felt that there was a very real possibility that his

claim would be paid. We therefore find that reversal of the accelerated judgment order is mandated. Given our holding, we need not discuss plaintiff's alternate claim that the trial court erred in granting defendant's motion for accelerated judgment on the basis that there were insufficient facts to support plaintiff's claim of estoppel.

Reversed and remanded.