■ EDWARD L. MANTOR, JR., et al., Appellants, v GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Defendant, and CHARLES PLUMBING & HEATING, INC., Respondent. (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: Plaintiff Edward Mantor contends that Special Term erred in holding that the notice of occurrence given by plaintiff to the insurer was untimely. We disagree. Unlike the notice of occurrence provisions common to liability policies authorized by Insurance Law § 3420, the notice provisions in the present

case dealing with no-fault benefits are governed by Insurance Law § 5101 *et seq,* and the rules and regulations enacted to implement the Comprehensive Automobile Insurance Act. Under 11 NYCRR 65.12 notice of occurrence by an eligible person must be given to the insurer as soon after the occurrence as reasonably practicable and in no event more than 90 days, unless written reasons of impossibility are given. There has been no showing that the plaintiff has submitted written reasons of impossibility in accordance with the rule. Consequently, plaintiff's claim for no-fault benefits must be denied. Even absent the post 90-day impossibility requirement of 11 NYCRR 65.12, there has been no showing that the plaintiff was otherwise prevented from giving reasonable notice, and no justification has been shown to warrant almost a three-year delay *(see, Hartford Acc. & Indem. Co. v CNA Ins. Cos.,* 99 AD2d 310; *State Farm Mut. Auto. Ins. Co. v Romero,* 109 AD2d 786; *Matter of Kauffman [MVAIC],* 25 AD2d 419). (Appeal from order of Supreme Court, Onondaga County, Roy, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Green and Lawton, JJ.