■ In the Matter of STATE FARM MUTUAL INSURANCE COMPANY, Respondent, v JOSEPH PIZZONIA, Appellant.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order of the Supreme Court, Suffolk County (Orgera, J.), dated March 24, 1987, which granted the application.

Ordered that the order is reversed, on the law, with costs, and the application is denied.

On November 2, 1982, the appellant Joseph Pizzonia was involved in a collision with a vehicle operated by Danny Myers. The record demonstrates that the Myers vehicle was uninsured on the date of the accident. The appellant's attorneys gave written notification on May 2, 1984 to State Farm Mutual Insurance Company (hereinafter State Farm) of the appellant's claim for uninsured motorist benefits under his insurance policy with State Farm. A demand for arbitration dated January 8, 1987 was served upon State Farm under the uninsured motorist endorsement. By notice of motion dated January 27, 1987, State Farm commenced this proceeding to stay arbitration based, *inter alia,* on the appellant's failure to notify it of the claim within the time requirement of the uninsured motorist endorsement providing that in order to qualify for coverage, the insured must notify the insurance company of the claim "[w]ithin 90 days or as soon as practicable". In opposition to the proceeding the appellant argued that the 90-day period was measured from the date the alleged

insurer of the Myers vehicle disclaimed coverage, i.e., October 3, 1984, rather than from the date of the accident. As so measured, his notice of claim was timely.

Where an offending vehicle is uninsured on the date of the accident, the measuring period for purposes of uninsured motorist benefits is not the date the alleged insurer disclaimed liability but the date of the accident (see, Matter of Thompson v MVAIC, 57 AD2d 713; cf., Matter of Allstate Ins. Co. v Giordano, 108 AD2d 910, 911-912). Because the appellant did not comply with the 90-day notice requirement, he was required to demonstrate that he diligently sought to determine whether the Myers vehicle was insured and that he gave notice of his claim as soon as could be reasonably expected (see, Matter of Lloyd [MVAIC], 23 NY2d 478, 482; State Farm Mut. Auto. Ins. Co. v Romero, 109 AD2d 786, 787; Matter of Kauffman [MVAIC], 25 AD2d 419). Upon our review of the record, we find the appellant failed to make diligent efforts to determine whether Myers was insured on the date of the accident. The appellant, without any explanation, apparently did not retain counsel until over 14½ months after the accident. There is no evidence that the appellant's counsel requested information from the Department of Motor Vehicles and the earliest documented proof of any effort to ascertain insurance coverage was May 2, 1984, i.e., approximately 1½ years after the accident. The failure to contact the Department of Motor Vehicles and the unexplained lengthy delay to ascertain Myers' insurance status preclude a finding that the notice of claim was filed as soon as practicable (see, State Farm Mut. Auto. Ins. Co. v Romero, supra; Matter of Acevedo v MVAIC, 56 AD2d 817).

However, where an insurance carrier has itself unreasonably delayed in making a disclaimer, it may not assert the claimant's failure to give timely notice of claim (see, Matter of Allstate Ins. Co. [Frank], 44 NY2d 897, revg 57 AD2d 950; Wright v Wright, 35 AD2d 895; Safeguard Ins. Co. v Trent, 29 AD2d 780; Cohen v Atlantic Natl. Ins. Co., 24 AD2d 896). We are of the opinion that State Farm's unexplained delay of over 2½ years from the time it received notice of the claim until the time it sought to disclaim coverage was unreasonable as a matter of law under the circumstances and, thus, forecloses State Farm from disclaiming its liability (see, Hartford Ins. Co. v County of Nassau, 46 NY2d 1028; Matter of Allstate Ins. Co. [Frank], supra; Allstate Ins. Co. v Gross, 27 NY2d 263).

Lastly, we find that a hearing is not required as the record is sufficiently established for a determination of the issues to

be made as a matter of law. Thompson, J. P., Kunzeman, Spatt and Balletta, JJ., concur.