■ In the Matter of BERNETTA WIGGAN, Respondent, v ALLSTATE INSURANCE COMPANY, Respondent, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PENNSYLVANIA, Appellant. [610 NYS2d 320] —In a proceeding pursuant to CPLR article 75 to compel arbitration of an uninsured motorist claim, National Union Fire Insurance Company of Pittsburgh Pennsylvania appeals from an order and judgment (one

paper) of the Supreme Court, Kings County (Held, J.), dated January 9, 1992, which, after a hearing, granted the cross petition of the respondent Allstate Insurance Company to permanently stay arbitration.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the cross petition is denied, and the petitioner Bernetta Wiggan and the respondent Allstate Insurance Company are directed to proceed to arbitration.

On October 23, 1989, the petitioner Bernetta Wiggan was a passenger in a car involved in an automobile accident with another car owned by Sadik Namary. On the date of the accident, Wiggan's vehicle was insured by the respondent Allstate Insurance Company (hereinafter Allstate). Wiggan commenced this proceeding to compel arbitration and Allstate cross-petitioned to permanently stay arbitration contending, *inter alia,* that the offending vehicle was insured by National Union Fire Insurance Company of Pittsburgh Pennsylvania (hereinafter National Union). The court stayed arbitration pending a hearing on the preliminary issue as to whether Namary's vehicle was insured, and ordered that National Union be added as an additional respondent.

At the hearing it was established that National Union had not issued an insurance policy to Namary in the past 10 years. However, a document issued by the New York State Department of Motor Vehicles indicated that as of August 1, 1989, Namary was insured by National Union. National Union's witness testified that this document may have resulted from National Union's business practice of issuing pre-signed insurance identification cards to brokers, who could in turn issue such a card to an individual who wished to register his or her vehicle even though an insurance policy had not been issued. The court found that National Union was the insurer of Namary's vehicle on the ground that, by issuing pre-signed insurance cards to its brokers, it had armed Namary with the opportunity to falsely register his vehicle when in fact he had no insurance. The court permanently stayed arbitration between Wiggan and Allstate.

We conclude that Allstate's cross petition to permanently stay arbitration should have been denied. Firstly, the indisputable fact is that Namary did not have insurance coverage through National Union at the time of the accident *(see, Matter of State-Wide Ins. Co. v Valdes,* 173 AD2d 624). Secondly, there is no indication in the record that, in this case, National Union or one of its agents actually issued an insur-

ance card to Namary. Lastly, even though National Union's witness testified that he was aware of two other occasions where a Department of Motor Vehicles' document indicated that a vehicle was insured when, in fact, no policy had been issued, we do not find, contrary to Allstate's contention, that National Union was negligent in issuing pre-signed insurance cards to its brokers. The record does not establish when the two prior cases occurred or in what particular manner *(see, Matter of State Farm Mut. Auto. Ins. Co. v Santarpia,* 119 AD2d 825). Thompson, J. P., Copertino, Pizzuto and Santucci, JJ., concur.