■ In the Matter of INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, v JOANN UVARI et al., Respondents, et al., Respondents. [632 NYS2d 24] —In a proceeding pursuant to CPLR 7503 to stay arbitration of an uninsured motorist claim, the petitioner appeals from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated June 6, 1994, as denied its application for a permanent stay.

Ordered that the order is affirmed insofar as appealed from, with costs.

Because the respondents Joann and Maryann Uvari failed to give the petitioner notice of their uninsured motorist claim within 90 days of the accident, they were required to demonstrate that they acted diligently and gave notice as soon as could reasonably be expected (see, Matter of State Farm Mut. Ins. Co. v Pizzonia, 147 AD2d 703). After the accident, the Uvaris actively pursued their negligence claim with the carrier named as the offending vehicle's insurer and engaged in settlement negotiations. It was not until December 22, 1993, that the insurer first notified them that the policy covering the offending vehicle had been cancelled prior to the date of the accident. Under the circumstances, the letter sent to the petitioner two weeks later, on January 5, 1994, gave notice of the uninsured motorist claim as soon as could reasonably be expected. Therefore, the Supreme Court did not err in concluding that the Uvaris' delay in making their claim for uninsured motorist benefits was excusable. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.

■ In the Matter of J.B. ISLANDIA REALTY CORP., Respondent, v INCORPORATED VILLAGE OF ISLANDIA, Appellant. [632 NYS2d 468] —Appeal by the Incorporated Village of Islandia from a judgment of the Supreme Court, Suffolk County (Fierro, J.), entered November 21, 1994.

Ordered that the judgment is affirmed, with costs, for reasons stated by Justice Fierro at the Supreme Court. Sullivan, J. P., Rosenblatt, Thompson and Ritter, JJ., concur.