**Karyn ENTZION, Appellant,**

v.

**ILLINOIS FARMERS INSURANCE COMPANY, an Illinois corporation, Respondent.**

**No. A03–742.**

Court of Appeals of Minnesota.

March 23, 2004.

Randall J. Fuller, Gary T. LaFleur, Babcock, Neilson, Mannella, LaFleur & Klint, Anoka, MN, for appellant.

Terrance W. Votel, Michael B. Padden, Votel, Anderson & McEachron, St. Paul, MN, for respondent.

Considered and decided by SCHUMACHER, Presiding Judge; WILLIS, Judge; and WRIGHT, Judge.

## OPINION

WRIGHT, Judge.

Appellant brought an action against respondent insurance company, seeking recovery of no-fault benefits under her auto-

mobile insurance policy. The district court granted summary judgment in favor of respondent, concluding that the action was barred by the six-year statute of limitations applicable to contract actions, which began to run when appellant's no-fault benefits were discontinued. Appellant challenges the entry of summary judgment. We affirm.

## FACTS

Appellant Karyn Entzion was injured in an automobile accident in January 1992. Entzion filed a claim with respondent Farmers Insurance Company (Farmers Insurance) to receive no-fault benefits for her medical expenses; she did not claim wage-loss benefits. Farmers Insurance paid no-fault benefits totaling $18,836.83 for Entzion's medical expenses. In December 1994, based on the report of an independent medical examiner who opined that Entzion would no longer benefit from additional medical treatment and was capable of returning to work without restriction, Farmers Insurance notified Entzion that her no-fault benefits were discontinued. Entzion had incurred an undisclosed amount of unclaimed medical expenses and roughly $23,000 in unclaimed wage loss when her benefits were discontinued.[1]

In May 2002, Entzion filed a claim for the remaining no-fault benefits. Under her policy limits, she had $1,063.17 in unpaid medical-expense benefits and $20,000 in unpaid wage-loss benefits. In July 2002, Farmers Insurance reiterated that Entzion's no-fault benefits were discontinued in December 1994 and denied Entzion's claim.

Entzion brought a lawsuit to compel Farmers Insurance to pay the remaining no-fault benefits. Farmers Insurance moved for summary judgment, arguing that the six-year statute of limitations began running in 1994 and barred Entzion's claim. The district court agreed and granted summary judgment. This appeal followed.

## ISSUES

I. Does the six-year contract statute of limitations apply to Entzion's action to recover no-fault benefits from Farmers Insurance?

II. Does the six-year contract statute of limitations bar Entzion's action to recover no-fault benefits from Farmers Insurance?

## ANALYSIS

On appeal from summary judgment, we determine whether there were any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). When the district court grants summary judgment based on the application of a statute to undisputed facts, the result is a legal conclusion, which we review de novo. *Lefto v. Hoggsbreath Enters. Inc.*, 581 N.W.2d 855, 856 (Minn.1998). In doing so, we view the evidence in the light most favorable to the party against whom judgment was entered. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

### I.

■ Under Minnesota law, an action shall be commenced within six years "upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed." Minn.Stat. § 541.05, subd. 1(1) (2002). Entzion argues that the six-year statute of limitations for contract actions does not apply here

---

1. Because Entzion was unable to return to work as a personal trainer and aerobics instructor after the accident, she claimed entitlement to $7,752 per year in wage-loss benefits for 1992, 1993, and 1994.

because the Minnesota No–Fault Automobile Insurance Act (No–Fault Act) contains other limitations provisions that preclude inexhaustible recovery of no-fault benefits.

■ Indeed, the No–Fault Act limits the amount of no-fault benefits recoverable under a policy, Minn.Stat. § 65B.44, subds. 1, 3 (2002), and permits an insurer to require notice of an accident within six months after the accident or limit the insured's recovery of no-fault benefits for accidents reported after six months, Minn. Stat. § 65B.55, subd. 1 (2002). The No–Fault Act also permits an insurer to limit or discontinue recovery of no-fault benefits if a lapse in disability and medical treatment has occurred. Minn.Stat. § 65B.55, subd. 2 (2002). But these limitations on recovering no-fault benefits, which do not fulfill the goals of a statute of limitations, do not serve as a substitute for one.

■ The purpose of a statute of limitations is to prescribe a period within which a right may be enforced and after which a remedy is unavailable for reasons of private justice and public policy. *Bachertz v. Hayes–Lucas Lumber Co.*, 201 Minn. 171, 176, 275 N.W. 694, 697 (1937). A statute of limitations discourages fraud and endless litigation. It "prevents a party from delaying an action until papers are lost, facts are forgotten, or witnesses are dead." *Karels v. Am. Family Mut. Ins. Co.*, 371 N.W.2d 617, 619 (Minn.App.1985), *aff'd mem.*, 381 N.W.2d 441 (Minn.1986). "A statute of limitations is based on the proposition that it is inequitable for a plaintiff to assert a claim after a reasonable lapse of time during which the defendant believes no claim exists." *Id.* The limitations provisions of the No–Fault Act are distinguishable in purpose and effect from a statute of limitations. Thus, we are not persuaded that the limitations established in the No–Fault Act obviate a statute of limitations.

In reaching our conclusion, we note that other jurisdictions with limiting provisions similar to those in the Minnesota No–Fault Act also apply a statute of limitations. *See, e.g., Shave v. Allstate Ins. Co.*, 549 F.Supp. 1006, 1009 n. 1 (S.D.Ga.1982) (applying the six-year contract statute of limitations to no-fault statute that limits the maximum no-fault benefits recoverable under a policy); *Mantor v. Gen. Accident Ins. Co.*, 129 A.D.2d 998, 999, 514 N.Y.S.2d 839 (1987 (applying a six-year contract statute of limitations to no-fault statute with a 90–day deadline for notice to the insurer of an accident and a limit on the maximum no-fault benefits recoverable under policy); *see also* Haw.Rev.Stat. § 431:10C–315 (2002) (providing a two-year statute of limitations in action for initial payment of benefits and where benefits have lapsed); Kan. Stat. Ann. § 40–3110 (2002) (applying a two-year limitations period in addition to permitting insurer to specify a time period for an insured to provide notice of an accident); Ky.Rev.Stat. Ann. § 304.39–230 (Michie 2002) (providing that action for initial payment of no-fault benefits must be brought within two years after loss and knowledge that loss was caused by accident, but in no event more than four years after accident and two-year limitations period in action where benefits have lapsed); Mich. Comp. Laws Ann. § 500.3145 (West 2002) (providing a one-year limitations period in action for initial payment of benefits and where benefits have lapsed); N.J. Stat. Ann. § 39:6A–13.1 (providing that action for initial payment of no-fault benefits must be brought within two years after loss and knowledge that loss was caused by accident, but in no event more than four years after accident and two-year limitations period in action where benefits have lapsed); 75 Pa. Cons.Stat. § 1721 (2002) (providing a four-year limitations period in action for initial payment of benefits and where benefits have lapsed).

■ Here, Entzion's action for recovery of no-fault benefits denied by Farmers Insurance is based on an alleged breach of the insurance contract. Neither the No–Fault Act nor Entzion's insurance policy expressly prescribes a period of limitations for bringing such action. We, therefore, conclude that the six-year contract statute of limitations is applicable to Entzion's action.

## II.

■ Entzion argues, in the alternative, that her cause of action did not accrue until Farmers Insurance denied her claim for the remaining no-fault benefits in July 2002. The district court concluded that Entzion's cause of action accrued when Farmers Insurance discontinued her no-fault benefits in December 1994. We agree. Generally, the six-year statute of limitations for a breach-of-contract action applies to actions brought for underinsured- and uninsured-motorist benefits under the No–Fault Act and begins to run when the cause of action accrues. *Oanes v. Allstate Ins. Co.*, 617 N.W.2d 401, 406–407 (Minn.2000) (underinsured motorist); *Hughes v. Lund*, 603 N.W.2d 674, 677–78 (Minn.App.1999) (uninsured motorist).

■ A cause of action accrues and the statute of limitations begins to run when the action can withstand a motion to dismiss for failure to state a claim on which relief can be granted. *Noske v. Friedberg*, 670 N.W.2d 740, 742 (Minn.2003). We conclude that an action for no-fault benefits based on a breach-of-contract theory can withstand a motion to dismiss for failure to state a claim once the insurer has denied benefits. Our conclusion is consistent with the laws of other jurisdictions that have determined that the cause of action accrues and the statute of limitations for recovery of no-fault benefits begins to run when the insurer denies payment of benefits. *See, e.g., Lewis v. Detroit Auto. Inter Ins. Exch.*, 426 Mich. 93, 393 N.W.2d 167, 172 (1986) (holding that the statute of limitations is tolled until the insurer denies the insured's claim); *Bridges v. Allstate Ins. Co.*, 158 Mich.App. 276, 404 N.W.2d 240, 242 (1987) (acknowledging that the statute of limitations is tolled until the insurer denies the insured's claim); *Micha v. Merchants Mut. Ins. Co.*, 94 A.D.2d 835, 463 N.Y.S.2d 110, 112 (N.Y.App.Div.1983) (holding that a cause of action accrues on an action to claim unpaid no-fault benefits when the insurer fails to make payments).

Entzion had incurred more than $20,000 in unclaimed wage loss and more than $1,000 in unclaimed medical expenses when Farmers Insurance discontinued her no-fault benefits in December 1994. Entzion's cause of action accrued and the statute of limitations began to run on that date. Because Entzion did not commence this action until nearly eight years after Farmers Insurance denied payment of no-fault benefits, her claim is barred by the statute of limitations.

## DECISION

Because the six-year contract statute of limitations applies to Entzion's action to recover uncompensated medical expenses and wage loss, which had accrued when Farmers Insurance discontinued her no-fault benefits, the district court did not err in granting summary judgment in favor of Farmers Insurance on a claim brought nearly eight years after the denial of benefits.

**Affirmed.**